MAY DESMOND RAPP, Respondent, *v.* MABBETT MOTOR CAR CO., INC., Appellant.

Fourth Department, May 3, 1922.

Replevin — action to recover automobile and for loss of use — defendant sold car to plaintiff on conditional sale contract taking series of notes and then assigned contract and notes to third person — defendant seized car when one note overdue and plaintiff owed defendant for repairs on car — defendant did not obtain possession necessary to acquire garageman's lien — evidence — not error to exclude evidence that contract and notes were transferred as collateral — evidence as to defendant acting as agent of third person in seizing car was admissible — recovery of car and damages for loss of use sustained — damages may be recovered for loss of use of pleasure automobile.

Where defendant sold an automobile to plaintiff upon a conditional sale contract, taking a series of notes in payment, and assigned the contract and indorsed the notes to one Oster, it did not, by seizing the automobile, when one of the notes was overdue, obtain lawful possession thereof, although the contract and notes were assigned merely as collateral security, as, after the notes had been indorsed and delivered to Oster, they were enforcible by him and not by defendant, whether they were transferred as collateral security or absolutely; and, if defendant acted as the agent of Oster in such seizure, it did not obtain such possession as to give it a garageman's lien under section 184 of the Lien Law, for repairs made to the machine since the sale, as the possession so obtained would have been that of Oster, whose interest was hostile to that of defendant.

Therefore, the trial court properly excluded evidence offered by defendant to show that the contract and notes were transferred for collateral security, but

evidence offered to prove that defendant was acting as Oster's agent in seizing the car should have been received.

A judgment for plaintiff for the possession of the car and for damages for its detention should not be disturbed, except that no damages for detention prior to the date when plaintiff demanded the car from defendant should be allowed, as defendant, if allowed to introduce his proof as to his acting as Oster's agent in seizing the car, might have shown that possession to that date was justifiable.

Damages may be recovered for deprivation of the use of a pleasure automobile as well as of any other chattel.

APPEAL by the defendant, Mabbett Motor Car Co., Inc., from a judgment of the County Court of the county of Monroe, entered in the office of the clerk of said county on the 19th day of December, 1921, affirming a judgment of the City Court, Civil Branch, of the City of Rochester, in favor of the plaintiff.

*George V. Fleckenstein*, for the appellant.

*James S. Bryan*, for the respondent.

SEARS, J.:

On January 4, 1921, the plaintiff purchased from the defendant a Cadillac automobile upon a conditional sale contract. The plaintiff gave to the defendant a series of twelve promissory notes, due on the tenth day of each successive month, and agreed that the title to the car should remain in the defendant until the notes were paid in full. The plaintiff, upon the execution of the contract and the notes, was given possession of the car.

Shortly after the execution of the contract, the defendant assigned its interest in the conditional sale contract and indorsed the series of promissory notes to C. W. Oster, who notified the plaintiff of such transfer to him. On the 3d day of June, 1921, an officer of the defendant found the Cadillac automobile unattended on a public street in the city of Rochester, where the plaintiff had left it temporarily, and thereupon took it into his possession.*

The promissory note of the plaintiff which had fallen due upon the tenth day of May was unpaid on June third when the defendant took the car into its possession, but was finally paid in full on the sixth day of June, at which time no note remained unpaid which had previously fallen due. The note which fell due on June tenth was paid on June thirteenth. The plaintiff demanded possession of the car from the defendant on June thirteenth, and on June twenty-fifth brought this action in the City Court of Rochester to recover possession of the car, together with damages for its detention.

The defendant resisted the plaintiff's contention upon the theory

---

* See Pers. Prop. Law, § 65 *et seq.*, repealed by Laws of 1922, chap. 642, in effect September 1, 1922. See, also, Pers. Prop. Law, § 76 *et seq.*, as added by Laws of 1922, chap. 642.— [REP.

that the taking and detention of the car were lawful. A note was overdue and the plaintiff consequently in default, and under the terms of the conditional sale contract, the vendor was entitled to resume possession of the car, and defendant claimed that it could exercise this right despite the transfer to Oster, because (1) the notes and conditional sale contract had been assigned by the defendant to Oster as collateral security only, and (2) the defendant was acting as the agent of Oster in making the seizure.

After the purchase of the car by the plaintiff, the defendant had made repairs to the car for the plaintiff and sold supplies to the plaintiff for the car and plaintiff had not paid defendant for these services and supplies. Because of these additional facts the defendant contended that after it gained physical possession of the automobile it was entitled to continue to hold it by virtue of a lien under the provisions of section 184 of the Lien Law, which reads as follows: " A person keeping a garage or place for the storage, maintenance, keeping or repair of motor vehicles, as defined by article eleven of the Highway Law, and who in connection therewith stores, maintains, keeps or repairs any motor vehicle or furnishes gasoline or other supplies therefor at the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, has a lien upon such motor vehicle for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline or other supplies therefor and may detain such motor vehicle at any time it may be lawfully in his possession until such sum is paid."

The trial court excluded evidence offered by the defendant to establish the defendant's claim as to its right to take possession of the car and the plaintiff had judgment for the possession of the car and $740 damages for deprivation of use for seventy-four days. The judgment was affirmed by the County Court of Monroe county upon appeal and from the judgment of affirmance the defendant has appealed to this court.

1. There was no error in excluding the proof offered by the defendant to show that the transfer of the conditional sale contract and the notes from the defendant to Oster was as collateral security, because such evidence was immaterial. After the notes had been indorsed and delivered to the indorsee, they were enforcible by him or in his interest and not by the payee whether they were transferred as collateral security or absolutely. (*Farwell* v. *Importers, etc., Nat. Bank*, 90 N. Y. 483; *Wheeler* v. *Newbould*, 16 id. 392; 31 Cyc. 832.)

Similarly with the conditional sale contract, the power to exercise

the rights retained by the vendor, particularly the right to resume possession, unquestionably passed upon the transfer of the conditional sale contract to the assignee, and could only be exercised by him. The evidence was properly excluded, therefore, not· on the ground that it would have tended to vary a written contract, but on the ground that if received, it would have shown no right in the defendant to take possession of the car.

2. If the defendant's theory as to the existence of a lien in its favor is sound, it was essential to establish that the defendant acted lawfully in taking possession of the car on the third of June. The evidence offered to prove that the defendant was acting as Oster's agent in seizing the car, therefore, should have been received. Whether this constitutes material error depends, however, upon the view taken of the validity of the retention after the demand made by the plaintiff on June thirteenth. In discussing this phase of the case the assumption must be made that the defendant could have established that it took the car on June third as the agent of Oster.

3. This leads to a consideration of the meaning of section 184 of the Lien Law. Can the defendant claim the privileges accorded by this statute to one lawfully in possession? At common law, a lien (of this general description) is a right to retain. Retention necessarily connotes possession. A lien depends upon an uninterrupted possession and is lost or waived when possession is voluntarily surrendered. (*Johanns* v. *Ficke,* 224 N. Y. 513, 519.) Such a lien does not thereafter reattach if the chattel again comes into possession. (*Tolhurst* v. *Powers,* 133 N. Y. 460; *Danzer* v. *Nathan,* 145 App. Div. 448.)

At common law, a livery stable keeper had no lien on a horse which he was keeping because the horse was subject to the control of· the owner and might be taken out by him. (*Johanns* v. *Ficke, supra.*)

Similarly, at common law a garage keeper had no lien upon a car which could be used at the pleasure of the owner. (*Smith* v. *O'Brien,* 46 Misc. Rep. 325; affd., 103 App. Div. 596.)

Section 183 of the Lien Law has changed the common law in respect to livery stable keepers, and section 184 of the Lien Law has changed the common law in respect to garage keepers. In both cases the temporary surrender of the chattel to the owner does not terminate the bailment or invalidate the lien, but in each case the lien still depends upon possession, and if possession be voluntarily surrendered, it cannot forcibly be retaken. (*Greene* v. *Fankhauser,* 137 App. Div. 124; *Schummers* v. *Martin,* 199 id. 908; *Owl Wet Wash Laundry Co.* v. *Karish,* 188 N. Y. Supp. 782.)

In the present case the defendant did not come into possession

of the car by any voluntary act·of the plaintiff but only by the exercise as Oster's agent of Oster's superior right. The possession which it took was not its possession but the possession of Oster. The interests of the defendant and of Oster in respect to possession were hostile. If the defendant was entitled to a lien at all, it was entitled to a lien not only against the plaintiff, but also against Oster, for the defendant's lien, if it had one, was superior not only to the claim of the plaintiff but to the claim of Oster. A literal reading of section 184 may be broad enough to sustain the defendant's contention, but the section is in derogation of the common law and must be strictly construed. (*Johanns* v. *Ficke, supra.*)

If A, an owner, has repairs made on his car by a garage keeper who surrenders the car to the owner after the repairs are made, and A sells the car to B and delivers possession of it, and B has no notice of the garageman's bill, which is outstanding and unpaid, and then B takes the car for further repairs to the same garage keeper, would the garage keeper be allowed a lien upon the car for the amount of his bill against A? Such a case is as well within the literal wording of the statute as is the case before the court.

The lawful possession referred to in the statute must relate to possession derived from the owner as defined in the statute or from one acting under the authority, or with the consent or acquiescence of the owner and not to possession entirely unconnected with or even hostile to such owner's right. If so great a change in the law as defendant's contention implies had been intended by the Legislature, it should have been more clearly expressed.

If this view is sound the evidence, if received, would have established no right in defendant to hold the car after the demand of June thirteenth.

The damages awarded were based upon the rate of ten dollars a day, beginning the third day of June. The automobile was a pleasure car but damages are allowable for deprivation of the use of such a car as well as of any other chattel. (*Dettmar* v. *Burns Bros.*, 111 Misc. Rep. 189.)

There is no reason to disturb the basis upon which the damages have been computed, but as demand was not made by the plaintiff for the return of the car until the thirteenth day of June, and as the defendant if allowed to introduce its proof might have shown that the possession until the thirteenth day of June was justifiable, the damages allowed should not include any amount attributable to the period from June third to June thirteenth, which would amount to $100.

The judgment should be reversed, with costs to the appellant to abide the event, unless the plaintiff stipulates within ten days

to reduce the amount of damages to $640, and in case such stipulation is filed, the judgment should be affirmed, without costs.

All concur.

Judgments of County Court and Rochester City Court reversed, and new trial granted, with costs to appellant to abide event, unless the plaintiff shall, within ten days, stipulate to reduce the amount of damages to the sum of $640 as of the date of the decision made in City Court, in which event the judgments are modified accordingly, and as so modified are affirmed, without costs of this appeal to either party.