In the Matter of RAYMOND DIETRICHSEN, Petitioner, against JAMES R. MAC-DUFF, as Commissioner of Motor Vehicles, Respondent.— This is a proceeding under article 78 of the Civil Practice -Act to review a determination of the respondent Commissioner of Motor Vehicles which revoked petitioner's operator's license. The sole cause given for the revocation is a violation of that portion of subdivision 1 of section 56 of the Vehicle and Traffic Law, which provides: "No person shall operate a motor vehicle ＊ ＊ ＊ at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property." Petitioner has had a hearing before a referee at which petitioner and his wife were the only witnesses. There is no conflict of testimony and the facts are undisputed. Petitioner was operating his automobile with his wife and mother-in-law as passengers, at a speed of about forty miles per hour on an open highway where the only speed limit was fifty miles per hour. He saw a car ahead of him pull to the right and its lights indicated that it was about to stop. Petitioner turned his car to the left for the purpose of passing the other car and was unable to turn his car back to the right. The car left the road and hit a tree stump about twelve feet from the road, and all three occupants sustained injuries. Petitioner testified that he did not know why he was unable to turn his car to the right unless it was a failure of mechanism or possibly that he hit a patch of ice. There is no proof of any other cause. Although the accident was investigated by officers, no criminal charge of any nature was placed against petitioner. No question of financial responsibility is involved. So far as this record discloses, petitioner's license was revoked simply because he had an accident under the circumstances outlined above. The mere happening of an accident with no other proof of culpability whatever does not justify a revocation. We find in this record no substantial evidence to sustain the determination. The determination is annulled, on the law and facts, and petitioner's operator's license reinstated, with costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.