In the Matter of ISAAC HESSNEY, Petitioner, against JAMES MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Fourth Department, May 12, 1954.

*Francis G. Hessney* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Philetus M. Chamberlain* and *Wendell P. Brown* of counsel), for respondent.

*Per Curiam.* The petitioner's license was revoked, as stated in the order, for violation of subdivision 1 of section 56 of the Vehicle and Traffic Law. The only question presented on this review is whether there is substantial evidence to sustain the determination. We find no such evidence in the record. Section 56 is the statute which regulates the speeds of motor vehicles in this State. Subdivision 1 of the section lays down a rule of reasonable care. Violation of the subdivision is a traffic infraction. (See *Matter of McNellis* v. *Fletcher,* 197 Misc. 80.)

The evidence is that petitioner was driving his car at a rate of speed well under the statutory limit of fifty miles per hour on a straight road. The record is devoid of any evidence as to weather conditions, use of brakes and the condition of the roadway up to the point where the car came upon a patch of ice. At that point the car skidded or slid to some extent and control was regained by the petitioner. The car then struck another patch of ice and skidded, turning on its side. The

driver and his passenger had slight injuries. The finding of the referee that the car was out of control for a distance of approximately 200 feet is not only not supported by the evidence but is contrary thereto. The petitioner was asked what distance the car covered from the time it first went out of control to when it stopped. The answer was not " over 200 feet at the most." There is no evidence as to how far the car traveled after it came upon the second patch of ice which caused it to overturn. The testimony of the petitioner was that when it started to skid the first time he " brought it back under control again ". The referee inferred that the speed was " too great to permit him to bring his car to a stop in safety ", from the erroneous finding that it traveled 200 feet " completely out of control ".

Negligent operation of a motor vehicle may not be inferred merely because a car skidded or an accident happened. (*Lahr v. Tirrill*, 274 N. Y. 112; *Matter of Dietrichsen v. Macduff*, 280 App. Div. 1016; *People v. Burkhalder*, 203 Misc. 532.) As this court held in *Matter of Wyman v. Fletcher* (277 App. Div. 19, 21) speed may not be determined " on mere speculation and surmise " and by disregarding the evidence at the hearing. It need hardly be said that the comment of the referee on previous motor vehicle violations of the petitioner was entirely gratuitous and irrelevant.

The determination should be annulled and petitioner's license restored.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Determination annulled, with $50 costs and disbursements, and respondent directed to restore petitioner's license.