Earl W. Tabor, J.
The appellant, Harold Gr. Furber, appeals from a judgment of conviction rendered by Carl E. Foster, a Justice of the Peace of the Town of Wolcott, on April 7, 1954, after a trial without a jury. Furber was charged with a violation of subdivision 1 of section 56 of the Vehicle and Traffic Law.
The appellant urges that the judgment of conviction should be reversed on two grounds: (1) That the information was defective and legally insufficient; (2) There was insufficient evidence offered by the prosecution to warrant the conviction.
The appellant appeared before Justice Foster with counsel in response to a “ Summons ” issued by one Groodway, a State trooper, and the information sworn to by the trooper after specifying the time and place of the alleged offense, in violation of the statute he has been convicted of violating, specifically charged that defendant “by wrongfully, unlawfully, willfully, and knowingly operating a 1953 Cadillac 4 door bearing New York registration WN7535 westerly on Route 194 in the Village of Red Creek at a rate of speed greater than would permit him to bring said vehicle to a stop without injury to property of another in violation of and contrary to the above-mentioned section of law, to wit: did while operating said vehicle go off the road and strike a telephone pole causing said pole to break.” This information was made by the trooper on information and belief based on his investigation of the accident in which defendant was involved.
One of the purposes of an information is to inform an alleged offender of the crime charged and the act or acts constituting the same (Code Crim. Pro., § 145). An information charging a traffic infraction need not state the particular offense with the same exactness or precision of pleading as is required in an information charging a misdemeanor (People v. Skolnick, 200 Misc. 389). The offense of which defendant has been convicted is a traffic infraction (Matter of McNellis v. Fletcher, 197 Mise. 80).
*616 It is my opinion that the information was sufficient to meet the legal requirements relative thereto and that the Justice had jurisdiction of both the person and the subject matter.
The second ground urged by the appellant for reversing this conviction, that the evidence offered by the prosecution was insufficient to justify the conviction, will now be considered. Both appellant and respondent have submitted very voluminous and intelligent briefs and agreed on the oral argument that the evidence presented by the prosecution at the trial was sufficient to prove that the driver of the car, appellant herein, did break a utility pole a few feet from the paved edge of the road. The information hereinbefore referred to made no mention of damage to the car being driven by appellant and owned by his father.
The prosecution produced two witnesses at the trial, the trooper who was the complainant, and one Davis who is a police officer of the Village of Red Creek. Neither of these witnesses observed the car prior to its leaving the highway or during its subsequent course. The defendant offered no proof. Consequently, the conviction can only be sustained if the People have proved beyond a reasonable doubt the facts necessary to prove the offense charged.
Speed is an essential element of the infraction charged in this case, but what speed is prohibited? It is such a rate of speed as endangers the life, limb or property of any person, or a rate of speed which will not enable an operator of a motor vehicle to bring such vehicle to a stop without injury to another or his property (People v. Pier, 203 Misc. 117, 118). It is the opinion of this court that each alleged, violation under subdivision 1 of this section must be determined as to the speed which is prohibited, by the surrounding facts and circumstances. Here we have a car being operated in a westerly direction within but about to pass beyond the corporation limits of the Village of Red Creek which has a speed limit of 30 miles per hour, at about 4:15 a.m., on a State highway when at a point where the State highway starts to curve to the left or south at an angle of approximately 60 degrees, the car being operated by the defendant left the paved highway and continued in approximately the same westerly course instead of following the State highway around the curve. The car being driven by the defendant struck a utility pole near the intersection of the State highway and a road which leads westerly therefrom. This pole is at or near the apex of the triangle formed by these two roads and a third highway referred to by one witness as the “ Old State Road ”, and between 6 and 30 feet, according *617 to the testimony, from the edge of the pavement at the point where the car being operated by the defendant left the pavement. The front bumper of this car was found some 15 or 20 feet westerly from this pole which was broken. The testimony indicates that the car continued down a slight grade in a generally straight course westerly or beyond the pole for about 240 feet and was found resting on its top in an open field, badly damaged, and the defendant was found a few minutes after the accident lying on the edge of the highway and he was injured and was removed to a hospital.
The question of dangerous speed is one of fact. Mere proof that appellant was involved in an accident and that the pole was broken is not sufficient proof of dangerous speed to justify his conviction. This is not to hold there must be direct evidence of the rate of speed to justify a conviction under subdivision 1 of this section, but there must be proof from which it can be determined as a fact that the speed at which a car was being operated was either so great as to endanger the life 'or property of a person, or at a rate of speed which is greater than will permit the operator to bring his vehicle to a stop without injury to another or his property, taking into consideration the surrounding facts and circumstances. Negligent operation of a motor vehicle may not be inferred merely because an accident happened, nor can the question of negligence be left to guess, speculation or surmise (Lahr v. Tirrill, 274 N. Y. 112; Dietrichsen v. Macduff, 280 App. Div. 1016; Matter of Hessney v. Macduff, 284 App. Div. 70). If negligence may not be found in a civil action based on guess, speculation and surmise, guilt may not be so found in an action of the nature being considered on this application where the guilt of the appellant must be established beyond a reasonable doubt.
Neither Justice Foster nor this court has the training or experience to determine from the testimony offered at this trial the speed at which defendant was operating his father’s automobile, and it is speculation and surmise in view of the testimony of the witnesses that the rate of speed at which the motor vehicle was being operated was greater than would permit appellant to bring the vehicle to a stop without injury or damage to the utility pole. The trooper testified that the automobile in question weighed something over two tons and he further testified he could not determine if there were any skid marks, nor could he say whether the brakes were applied before hitting the pole, and no proof was offered as to the condition of the pole. The trooper further testified that when he interviewed defendant in the hospital, the latter stated he did not *618 know the speed at which he was traveling or what happened, the last thing he could recall was seeing the pole in front of him. Any one of many things may have caused the accident in which appellant was involved, the speed of the car being only one of the many possible causes. The distance the car travelled after hitting the pole is of no compelling importance since unless the motor stalled, the car would keep in motion, particularly on a downgrade, and the trooper testified it appeared to him that this car probably hit the side of a sand pile causing it to tilt and turn over in the field.
The judgment of conviction is reversed, the information dismissed and the fine remitted.