In the Matter of Richard Weisinger, Petitioner, against James R. Macduff, as Commissioner of Motor Vehicles, Respondent.

First Department, April 12, 1955.

*Joseph Heller* for petitioner.

*Philip Watson* of counsel (*Henry S. Manley* and *Samuel A. Hirshowitz* with him on the brief; *Jacob K. Javits, Attorney-General,* attorney), for respondent.

Cohn, J.  In the early hours of the morning of March 20, 1954, petitioner was operating his automobile in a northerly direction on the Westside Highway in the city of New York, between 37th and 40th Streets, intending to leave the highway by the 57th-Street exit.  A stanchion to the right of the center separates the two parts of the roadway at about 40th Street.  To the left of the stanchion, a portion of the northbound roadway leads down a ramp and becomes the 40th-Street exit off the highway, while to the right of the stanchion, the main roadway bears sharply to the right and then continues in a northerly direction.  As petitioner approached this place, traveling in the center of the roadway, at the rate of twenty-five to thirty miles per hour he attempted a turn to the right, but found himself headed for the stanchion.  Upon applying his brakes he skidded into the post sustaining personal injuries which necessitated confinement in a hospital for seventeen days, and causing considerable damage to his automobile.  The roadway was paved with cobblestones.  It was raining heavily at the time of the accident.  The car was in good mechanical condition.  Petitioner had no passengers, and the traffic was very light, no other vehicle being near petitioner's.

Petitioner was a night student at law school.  He testified that he had nothing to drink on the evening of the accident; that he was on his way home after having visited some friends in Brooklyn; that he had been driving a car for eight years; that he never had an accident and that he had never been charged with a traffic violation.

Before the Commissioner of Motor Vehicles, he was examined with respect to a violation of subdivision 1 of section 56 of the Vehicle and Traffic Law, which reads as follows: " 1. No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property."  At a hearing as provided for by the same statute, petitioner was the only witness called.  Upon completion of his testimony, the commissioner rendered a determination that petitioner had violated that statute and suspended for thirty days petitioner's license to operate a motor vehicle.

An examination of the record supplies no evidence that petitioner was operating his automobile at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than would permit the driver to bring his vehicle to a stop without injury to the person or property of another. The commissioner contends, however, that mere failure of petitioner to bring his automobile to a stop without injury to himself was sufficient to support his determination. With this contention, we do not agree.

Moreover, the hearing officer relied rather heavily upon the negative answer of petitioner to the question. " Q. (Interposing) Is there any doubt in your mind that you were going too fast for the conditions of the road and the weather? A. No, sir." This answer was given to a query which interrupted part of petitioner's previous answer in which he clearly stated that he was not negligent. A reading of the negative answer in context indicates that petitioner intended to reply " that he was not going too fast for the conditions of the road and the weather ".

The finding of the hearing officer that petitioner was probably going at least thirty miles per hour is not sustained by the testimony. Though the witness testified he may have been going twenty-five or thirty miles per hour, he also stated that he might have been traveling at less than twenty-five miles per hour. Indeed, there seems to be a serious question as to whether the speed limit at the point where the accident occurred was twenty-five or thirty-five miles per hour. Obviously this accident was due to the wetness of the roadway occasioned by the heavy downpour at the time, which, when petitioner applied his brakes as he was bearing right, caused his car to skid and to collide with the post.

The Commissioner of Motor Vehicles should, of course, be upheld in his efforts to enforce the law and to prevent reckless driving on the public highways. However, a license to operate an automobile is a valuable one. Revocation or suspension of such license is the penalty an operator may be called upon to pay if he operates his car in a manner violative of the statute. Nonetheless, the provisions of the statute may not be enlarged by implication. (*Matter of Jenson* v. *Fletcher,* 277 App. Div. 454, 459, affd. 303 N. Y. 639.) There is no basis for a finding that petitioner had acted in disregard of the consequences which might ensue from his operation of the car, or that he was driving at such a rate of speed as to endanger the life or injure the property of others. (*Matter of Hart* v. *Mealey,* 287 N. Y. 39, 42.)

The mere happening of the accident because of the skidding of petitioner's car did not warrant the conclusion that there had been negligent operation of a motor vehicle or that the statute had been violated. (*Matter of Hessney* v. *Macduff*, 284 App. Div. 70; *Matter of Fake* v. *Macduff*, 281 App. Div. 630; *Matter of Dietrichsen* v. *Macduff*, 280 App. Div. 1016.)

We find no substantial evidence to sustain the determination of the Commissioner of Motor Vehicles. It should accordingly be annulled, with costs and petitioner's license should be restored.

PECK, P. J., BREITEL, BASTOW and BOTEIN, JJ., concur.

Determination unanimously annulled, with $50 costs and disbursements to the petitioner and petitioner's license restored.