Frederick W. Loomis, J.
After a trial in a Court of Special Sessions in the Town of Westford, Otsego County, New York, the defendant was found guilty of a violation of subdivision 1 of section 56 of the Vehicle and Traffic Law. That portion of the law reads as follows: “No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property. ’ ’
Speed is the gravamen of the offense here charged and in order to sustain a conviction the prosecution must prove the element of speed by as clear and convincing proof as it must any material element of any charge under prosecution.
I have carefully reviewed the evidence and I am not convinced that the evidence produced is sufficient to sustain the defendant’s conviction. It was shown that an accident occurred and that a person riding in the car was killed as a result of that accident. The only evidence produced to show excessive speed was testimony by two witnesses that skid marks extended 168 or 169 paces back from the car after it had collided with a tree. There is no other evidence of speed. There is no evidence as to the condition of the pavement at the time of the occurrence. There is testimony that there was a sharp curve in the highway at that point. One witness even expressed the opinion that the highway was banked the wrong way on the curve. With no more evidence of excessive speed than was produced the *175 court is placed in the position of having to speculate or surmise that the defendant’s excessive speed caused the car to skid. However, who is to say that the sudden approach to an unknown sharp curve did not cause the skid, or perhaps it was caused "by the fact that the curve was banked the wrong way. Perhaps the automobile unexpectedly struck a soft shoulder or perhaps the pavement was wet and slippery. Who is to determine but that a sudden 11 blowout ” of a tire, or other failure of the automobile was responsible for the accident.
The courts have uniformly held that speed may not be determined “ on mere speculation and surmise ”. (Matter of Wyman v. Fletcher, 277 App. Div. 19, 21.) It has even been held that “ The fact that the car skidded or slid off the road does not, standing alone, even constitute ordinary negligence.” (Matter of Fake v. Macduff, 281 App. Div. 630, 633; Lahr v. Tirrill, 274 N. Y. 112.) It has likewise been held that “ Negligent operation of a motor vehicle may not be inferred merely because a car skidded or an accident happened.” (Matter of Hessney v. Macduff, 284 App. Div. 70, 72; Matter of Weisinger v. Macduff, 285 App. Div. 607.)
At the trial of the case the assistant district attorney conceded that the proof of speed rested upon circumstantial evidence, to wit, the showing of the skid marks. The courts have consistently held that before circumstantial evidence may be given legal effect the inferences sought to be drawn from such evidence must be clear and strong, they must point logically to the defendant’s guilt, and they must exclude “to a moral certainty every other reasonable hypothesis.” (People v. Suffern, 267 N. Y. 115, 127; People v. Lewis, 275 N. Y. 33; People v. Taddio, 292 N. Y. 488; People v. Carpenito, 292 N. Y. 498.)
The inferences from the evidence in this case do not appear to me to be clear and strong and do not exclude “to a moral certainty every other reasonable hypothesis.”
The judgment of conviction is reversed, the fine remitted, and the information dismissed.
Submit order.