Arnold Becker,
Acting Police Justice. Clifton Lee Price is charged with reckless driving in violation of section 58 of the Vehicle and Traffic Law of the State of New York and is also charged with “Dangerous Speed”, an alleged violation of subdivision 1 of section 56 of the Vehicle and Traffic Law of the State of New York. Both charges arise out of a single incident occurring on Ohio Avenue in the Village of Spring Valley at 7:00 p.m. November 24, 1957. Patrolman Toth, of the Spring Valley Police Department issued two separate uniform traffic tickets, one charging “ Dangerous Speed ”, the other “Reckless Driving”.
The defendant, by his attorney Sidney W. Fischman, of Spring Valley, now moves to dismiss the charge of “ Dangerous Speed ’ ’ on the ground that subdivision 1 of section 56 of the Vehicle and Traffic Law is violative of due process in making no allowances for special conditions and further that the two alternatives in said section are inseparable and therefore invalid.
Subdivision 1 of section 56 bars driving, “ at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property.”
In the foregoing section no standard is set up whereby the conduct of a driver may be measured. No specific speed limits or prohibited actions are set forth.
A conviction of a violation of this statute may result in a fine or imprisonment (Vehicle and Traffic Law, § 70, subd. 4) or loss of an operator’s license. (Matter of Weisinger v. Macduff, 285 App. Div. 607, 610.)
In People v. Shifrin (301 N. Y. 445, 447) the Court of Appeals in a unanimous opinion said: “Acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive *72 expression of legislative intent to make them criminal. The citizen is entitled to an unequivocal warning before conduct on his part, which is not malum in se, can be made the occasion of a deprivation of his liberty or property.” (People v. Phyfe, 136 N. Y. 554, 19 L. R. A. 141; People v. Wallace & Co., 282 N. Y. 417.)
In People v. Firth (5 Misc 2d 439, affd. 3 N Y 2d 472) subdivision 1 of section 56 of the Vehicle and Traffic Law was held unconstitutional.
Associate Judge Charles S. Desmond wrote that the first of the prohibitions of subdivision 1 of section 56, as it is worded, is meaningless because there is no such thing as a motor vehicle speed incapable of endangering life, limb or property.
“As to the second prohibition, the only possible meaning is that a speed is unlawful unless it permits the car to be stopped without injuring anyone or anything. That amounts to saying that if, under any circumstances, the driver is unable to bring his car to a stop without injuring someone or something, he has been driving too fast ” (p. 475).
Since subdivision 1 of section 56 of the Vehicle and Traffic Law under which the instant charge was made, to wit, “ Dangerous Driving”, is too vague and indefinite to be enforced and is unconstitutional, then an alleged violation of its prohibitions could not constitute an offense.
Defendant’s motion to dismiss the charge of “Dangerous Speed ’ ’ is granted.
It is so ordered.