**The GREYHOUND CORPORATION,**
**Plaintiff-Appellant,**

v.

**The SALVATION ARMY, Defendant-**
**Respondent.**

**No. 161, Docket 24813.**

United States Court of Appeals
Second Circuit.

Argued Jan. 10, 1958.

Decided Feb. 7, 1958.

Robert H. Daley, Buffalo, N. Y. (Miller & Ulsh, Buffalo, N. Y., on the brief), for plaintiff-appellant.

Percy R. Smith, Buffalo, N. Y. (Adams, Smith, Brown & Starrett, Buffalo, N. Y., on the brief), for defendant-respondent.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing the complaint and the defendant's counterclaim entered at the close of the plaintiff's case, by Judge Morgan, Western District of New York, in a negligence action brought to recover for property damage in a collision with defendant's truck and the resulting loss of use of plaintiff's bus.

From the testimony of the plaintiff's witnesses a jury could conclude that at 11 a. m. on November 17, 1955 a snow-stormy day, a bus owned by the plaintiff corporation left East Aurora, New York and proceeded westerly toward Buffalo, on Jamison Road, keeping to the right on the plowed roadway. The speed of the bus was set at about 10 to 15 miles per hour. Visibility was reduced to between 100 to 200 feet by the falling snow, the depth of which was between 4 and 6 inches.

The plaintiff's bus driver testified that he first saw the defendant's truck some 200 feet in front of him. The truck was traveling at about 25 miles per hour in the same lane as the bus and was heading directly towards it. When the truck was about 40 feet from the bus, the driver of defendant's truck attempted to pull over into his right hand lane. The truck skidded and came sideways at the bus. The bus driver applied his brakes and turned his vehicle to the right, causing the right front and rear wheels to go onto the shoulder of the road. The bus was just about stopped when the left rear of the defendant's truck struck the left forward portion of the bus.

After the plaintiff rested the defendant moved to dismiss the complaint, apparently relying on the New York cases which hold that skidding alone is no evidence of negligence. The district judge granted the motion citing Lahr v. Tirrill, 1937, 274 N.Y. 112, 8 N.E.2d 298; Hessney v. Macduff, 4 Dept. 1954, 284 App.Div. 70, 130 N.Y.S.2d 405; Dietrichsen v. Macduff, 3 Dept. 1952, 280 App.Div. 1016, 116 N.Y.S.2d 887; People v. Burkhalder, Chautauqua County Ct.1952, 203 Misc. 532, 117 N.Y.S.2d 609. These cases stand for the proposition that the mere fact that a vehicle skids does not, without more, allow an inference that the driver was negligent. That rule does not govern the present case, for here there was testimony that the defendant's truck was traveling on the wrong side of the highway. A jury could reasonably find negligence on the part of the driver of defendant's truck in driving in the left hand lane and belatedly attempting to move over where he belonged and that these acts were the proximate cause of the skid and the resultant damage to the bus. See McMahon v. Staten Island Coach Co., Inc., 1937, 274 N.Y. 621, 10 N.E.2d 580; Montgomery v. Humphrey, 3 Dept.1954, 284 App.Div. 365, 132 N.Y.S.2d 448.

We note also that an offer of proof as to the loss of use of the bus was refused by Judge Morgan because the plaintiff owned several buses and not just one. This reasoning was carefully considered in Central Greyhound Lines v. Bonded Freightways, Onondaga Sup.Ct. 1948, 193 Misc. 320, 82 N.Y.S.2d 671, and it seems clear from that case and the cases cited therein that the court should have received the evidence. See also Rapp v. Mabbett Motor Car Co., Inc., 4 Dept.1922, 201 App.Div. 283, 194 N.Y.S. 200; Jacobs' Handbook on Damages (N.Y.) p. 109 ff. (1951); McCormick on Damages § 124 (1935).

Both parties are agreed that the dismissal of the Salvation Army's counterclaim must also be reversed.

The judgment appealed from is reversed and the cause remanded.