Milton A. Wilts®, J.
Before the Honorable Clarence Mange, Police Justice of the Village of Clayton, Jefferson County, New York, the defendant entered pleas of guilty to two charges at or about the same time and on the same date. He first entered a plea of guilty to violation of subdivision 1 of section 56 of the Vehicle and Traffic Law, defining failure to have a car under control; and shortly thereafter on the same date, entered a plea of guilty to violation of section 1825 of the Penal Law defining resisting arrest by a police officer. The latter charge to which the plea of guilty was entered arose when the police officer apprehended the defendant for violation of the Vehicle and Traffic Law section aforesaid.
There is no transcript of testimony, since a trial was not held by reason of the pleas of guilty.
The return shows procedure before the aforesaid Police Justice. Under the Vehicle and Traffic Law charge, he was fined $10. Under the charge of violation of section 1825 of the Penal Law, he was sentenced to be confined in the Jefferson County Jail for a term of 59 days. Defendant was represented by counsel at all times.
After the appeal was perfected, however, the defendant was released from custody upon application, pending determination of the appeal.
It is somewhat unusual to have two separate convictions moved for determination in one proceeding. However, since the Penal Law conviction is interrelated with the Vehicle and Traffic Law conviction, both will be herein determined. It is believed that this is permissible in view of section 764 of the Code of Criminal Procedure.
Since there was no testimony adduced before the Police Justice, there are no facts other than the proceedings enumerated in the return, that are before the court. Accompanying the return, are the informations with respect to both charges, that were sworn to before the Police Justice, by the police officer who apprehended the defendant. There is also a supporting deposition by the driver of another automobile, that was sworn to before the Police Justice, in support of the information.
First, with regard to the plea of guilty to violation of subdivision 1 of section 56 of the Vehicle and Traffic Law:
The information charges that the defendant “ sideswiped ” a car owned and driven by another person and then ‘ ‘ went to the left side ’ ’ and that the defendant ‘ ‘ was driving in such a manner as to endanger the life and property of others ”.
There is nothing to indicate that this act took place in the presence of the police officer, or that he was being followed by *164 the police officer, nor is there anything in the information with regard to any weather conditions or any circumstances surrounding the occurrence.
Further, various decisions of the courts of this State have held that subdivision 1 of section 56 of the Vehicle and Traffic Law was unconstitutional and invalid. (People v. Gaebel, 2 Misc 2d 458; People v. Firth, 3 N Y 2d 472; People v. Horowitz, 3 N Y 2d 789; Matter of Brown v. Kelly, 5 A D 2d 714; People v. Price, 16 Misc 2d 71.)
It is herein determined also that said Vehicle and Traffic Law section was invalid at the time of the occurrence mentioned in the information.
The pertinent parts of the information, above quoted, when considered with the determinations in the cases immediately above mentioned, lead to the conclusion under the law, that the conviction for violation of subdivision 1 of section 56 of the Vehicle and Traffic Law, should be reversed, even if the section had not been held to be invalid. The information would have been defective, and subject to attack in not showing any circumstances that could differentiate an ordinary accident and civil negligence from a criminal liability despite the plea of guilty. A plea of guilty admits facts as alleged in the information, but does not constitute a waiver of the objection that the information did not charge a crime. If an offense alleged in an information does not establish a violation of specific statutes alleged to have been violated, it does not sufficiently allege a crime, and the court is without jurisdiction to impose sentence. (People ex rel. Radaha v. Mock, 69 N. Y. S. 2d 725; People v. Tompkins, 202 Misc. 147.)
It is therefore, concluded, that the conviction of the defendant-appellant herein was jurisdictionally defective and a nullity notwithstanding the plea of guilty. (People v. Jacoby, 304 N. Y. 33; People v. Kugelman, 188 Misc. 135; People v. Horowitz, 3 N Y 2d 789; People v. Furber, 5 Misc 2d 614; People v. Tanner, 208 Misc. 681.)
Therefore, the information is dismissed, on the law, for the reasons aforesaid, the conviction of the defendant reversed, the fine remitted, the sureties exonerated and the defendant discharged.
That leads to a consideration of the second charge, namely, violation of section 1825 of the Penal Law, to which the defendant entered a plea of guilty on the same date. The information under that charge alleges violation of the section, and states that the defendant did ‘ ‘ resist by force, grabbing, and mauling me, Carl L. Bertrand, Village Policeman, after being placed *165 under arrest ”. Nothing is stated in the information regarding to what the arrest refers, hut it necessarily follows that the arrest referred to, although not so designated by the Police Officer, was the Vehicle and Traffic Law violation, since the Justice’s return indicates that the entire affair was practically a simultaneous proceeding without any intervening circumstances.
Since there was no valid arrest or conviction under the Vehicle and Traffic Law charge, it could not be used as a basis for violation of section 1825 of the Penal Law. The information itself does not properly charge a crime, and certainly there could be no charge of violation of section 1825 of the Penal Law, that is based on a section of the Vehicle and Traffic Law that has been declared unconstitutional and invalid; or in which the information was defective and did not properly charge any violation of the Vehicle and Traffic Law, or give the court jurisdiction, even though that section had not been held to be invalid. (People v. Dority, 282 App. Div. 995; People v. Daniels, 285 App. Div. 619; Squadrito v. Griebsch, 1 N Y 2d 471; People v. O’Connor, 257 N. Y. 473; People v. McCarthy, 188 Misc. 132 and cases previously cited.)
Therefore, under the law, the conviction of the defendant for alleged violation of section 1825 of the Penal Law is reversed, the information dismissed, the defendant discharged and the sureties exonerated.
It is possible that the defendant could have been charged with violation of some section of the Penal Law other than section 1825, or some other section of the Vehicle and Traffic Law, but under the law as it relates to alleged violation of section 1825 of the Penal Law in this case, there is nothing for this court to do except as has been herein determined.
An order to conform with the above may be entered and it is respectfully asked that such order recite that the determinations herein made are based upon the law.