Charles Lambíase, J.
On or about October 22, 1957 plaintiff sold a new 1957 Buick automobile to one, George Irwin, under a conditional sales contract. By the terms of that agreement, the title to the automobile remained in the seller until all amounts owing thereunder had been paid. Plaintiff, the conditional vendor, on that date signed the following “ Dealer’s Assignment ”:
‘1 for value received, and pursuant to the Terms of Assignment shown on the reverse side hereof, Undersigned hereby sells, assigns and transfers to Commercial Credit Corporation, its successors and assigns, the above contract and all of Undersigned’s right, title and interest in and to the Car referred to therein, with power to take legal proceedings in the name of Undersigned or itself.
*219 “ Commercial Credit Corporation is hereby authorized to correct patent errors in said contract and all other papers executed, endorsed or assigned in connection therewith.”
The “ Terms of Dealer’s Assignment” referred to read in pertinent part as follows: ‘ ‘ there is now owing the amount set forth therein; and that all the obligations of Dealer contained in the contract have been fully performed. Dealer makes said warranties for the purpose of inducing Commercial Credit Corporation to purchase the contract, and if any of such warranties should be untrue, Dealer shall buy the contract from Commercial Credit Corporation, upon demand, and will pay therefor, the amount unpaid to Commercial Credit Corporation thereon, plus any and all costs and expenses paid or incurred by Commercial Credit Corporation in respect thereto. Said remedy shall be cumulative and not exclusive and shall not affect any other right or remedy that Commercial Credit Corporation might have at law or in equity. Dealer agrees that Commercial Credit Corporation, by purchasing the contract, shall not be deemed to have assumed any of the obligations of Dealer thereunder which are executory.”
On December 21, 1957 Irwin brought the automobile to the plaintff for the purpose of repairs. Plaintiff, contending that Irwin was in default in his payments under the conditional sales agreement, retained possession of the automobile and placed it in its open car lot. Thereafter and on December 24, 1957 the automobile was discovered missing from plaintiff’s open car lot at 899 Ridge Road, Webster, New York, and it was reported stolen to the agent for the defendant insurance company. It appears that it has never been recovered. The whereabouts of the conditional vendee have not been known since the time of the retention of the automobile by plaintiff.
The Commercial Credit Corporation held the plaintiff responsible under the provisions of the assignment, and plaintiff paid the entire amount of the contract to said corporation, making payments monthly according to its terms. Upon the completion of said payments and on or about December 17, 1958, the Commercial Credit Corporation executed an assignment reading as follows:
‘ ‘ fob value beoeived, Undersigned hereby sells assigns and transfers to A. J. PITTS BUICK, INC., its successors and assigns, a conditional sale contract dated October 22, 1957 between George Irwin, conditional vendee and A. J. Pitts Buick, Inc., conditional vendor, for the purchase of a 1957 Buick automobile, Model No. 43 and Serial No. 4D1141280, for the price of Three Thousand Six Hundred Fifty-one Dollars and Twelve *220 Cents ($3,651.12), which contract was assigned on or about October 22, 1957 to the Undersigned by said A. J. Pitts Buick, Jne. and also all of the Undersigned’s right, title and interest in and to said automobile with power to take legal proceedings in the name of Undersigned or itself.
“ Signed and sealed this 17 day of December 1958.
COMMERCIAL CREDIT CORPORATION
By:................................L.S.
Asst. Vice Pres.
(signature unintelligible) ”.
The defendant, Springfield Fire & Marine Insurance Company, had issued insurance policy No. A 27318 to the plaintiff, A. J. Pitts Inc., on July 1, 1957 and by its terms expired July 1, 1958 12:01 a.m., standard time “ at the address of the insured as stated herein.” The premium on said policy had been paid, and said policy was in full force and effect on December 24, 1957. This policy, in short, stated that it covered automobiles “ consigned to or owned by the Insured and held for sale or used in the Insured’s business as an automobile dealer including repair service or as demonstrators but excludes automobiles sold by the Insured under bailment lease, conditional sale, mortgage or other type of encumbrance.” It further stated that cars consigned to or owned by the insured which were subject to conditional sale were not covered unless the insured’s interest was in a “used” automobile in which case the “Insured’s Interest Only ” was covered.
Having made demand of the defendant for payment of the value of the automobile allegedly stolen claiming right to such payment by virtue of the terms of said policy of insurance issued to it by the defendant, and payment having been refused by the defendant, plaintiff brought this action to recover. Defendant, through its answer, contends, among other things: (1) that the automobile was excluded from coverage under the policy because it was sold by plaintiff on conditional sale, and that plaintiff had no interest in the automobile on the date of the alleged theft; and (2) that at the time of the alleged loss set forth in plaintiff’s complaint, there was other valid and existing insurance in full force and effect covering the said automobile, and that it should be required to bear only its just proportion of such loss to be estimated by determining the full cash value of the property destroyed or stolen, the actual loss sustained by plaintiff, and the relative proportion of the insurance covered by the policy issued to defendant to the entire amount of the insurance on the automobile.
*221 The original transaction with Irwin was the conditional sale of a new automobile and as such was clearly excluded from coverage under the policy issued by the defendant. Were there, however, other considerations which bring the facts within the purview of the coverage of the policy. We think not.
The interest of the plaintiff in used automobiles and used automobiles consigned to plaintiff for sale are protected under the policy. Was the automobile, the subject of the loss herein, a used automobile ? If it was, did plaintiff own it or have an interest therein or had it been consigned to plaintiff for sale. In our opinion, within the purview of the policy and for coverage purposes thereunder, the automobile in question is to be considered a new automobile and not as a used one.
Was plaintiff at the time of the alleged loss the owner of the automobile or did he have an interest therein? By section 61 of the Personal Property Law “ ‘ Seller ’ means the person who sells or leases the goods covered by the conditional sale, or any legal successor in interest of such person.” When plaintiff sold and assigned to the Commercial Credit Corporation the conditional sales contract and all of its right, title and interest in and to the automobile mentioned therein, the latter corporation became the “legal successor in interest” and thereafter was the “ seller” within the meaning of the statute. The fact is unimportant that in the retaking of the automobile plaintiff either co-operated with the Commercial Credit Corporation or even acted on its own initiative. No doubt the terms of plaintiff’s assignment to the Commercial Credit Corporation supplied it with an interest in regaining the automobile conditionally sold and thus diminishing its loss. The interest did not avail to revest plaintiff with its title as conditional vendor which it had already assigned to Commercial Credit Corporation as hereinbefore noted. (Manhattan Taxi Serv. Corp. v. Checker Cab Mfg. Corp., 253 N. Y. 455, 460-461; Rapp v. Mabbett Motor Car Co., 201 App. Div. 283.) Plaintiff was then without greater rights than any “ stranger to the transaction ”. (Lynn Morris Plan Co. v. Gordon, 251 Mass. 323, 325; Manhattan Taxi Serv. Corp. v. Checker Cab Mfg. Corp., supra.) Plaintiff did not reacquire any interest in the automobile until the reassignment by writing dated December 17, 1958 of the conditional sales contract.
Was the automobile consigned to plaintiff for sale? The assistant manager at Rochester, New York, of Commercial Credit Corporation testified that he did not remember if he told plaintiff to repossess the automobile. Assuming arguendo and for that purpose only that plaintiff did come into possession of the *222 automobile by the exercise as Commercial Credit Corporation’s agent of said corporation’s superior right, the possession which it took was not its possession but the possession of Commercial Credit Corporation. (Rapp v. Mabbett Motor Car Co., 201 App. Div. 283, 287, supra.) Certainly Irwin did not consign the automobile to the plaintiff as possession of the automobile was withheld from him when he called for it; and we have already determined that on December 24, 1957, the date that the automobile was noted to be missing, plaintiff had absolutely no interest whatsoever in the automobile in question. In our opinion the evidence does not sustain a contention that the automobile at the time of the alleged loss had been consigned to plaintiff for sale.
Lastly, there is no evidence that there was other insurance coverage on the automobile in question for it appears affirmatively that other insurance which had been put on at the time of the sale to George Irwin had been cancelled by plaintiff prior to the loss which is the subject of this litigation. For that reason, defendant’s second affirmative defense must fail for lack of proof although determination of that question is now academic in view of our determination herein.
The foregoing constitutes our decision required under section 440 of the Civil Practice Act and sets forth the essential facts upon which it is based.
Let judgment be entered accordingly in favor of defendant dismissing plaintiff’s complaint upon the merits, together with the taxable costs and disbursements to be taxed by the Clerk of the County of Monroe, New York, in a sum not exceeding the total amount authorized by statute which we award in our discretion under section 1477 of the Civil Practice Act.