THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHESTER PARKER, Appellant.

County Court, Cayuga County, July 22, 1948.

*Goldman & Goldman* for appellant.

*Theodore M. Coburn, District Attorney* (*Gerald Saperstein* of counsel), for respondent.

UNDERWOOD, J. This is an appeal from a judgment of conviction by a Justice of the Peace, under an information charging an infraction of subdivision 1 of section 56 of the Vehicle and Traffic Law. The subdivision provides: " No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such

person to bring the vehicle to a stop without injury to another or his property.''

The warrant issued stated: '' Information upon oath having been this day laid before me, that the infraction of speeding in a manner to endanger life and property, a violation of article 5, section 56, paragraph 1 of the Vehicle and Traffic Law has been committed.'' The conviction is for the alleged infraction, not a crime.

The testimony disclosed that an accident resulted, following the attempt of the defendant to pass a car, driving in the same direction on a public highway in the country, with loss of control. At no time was either car shown to have exceeded a speed of forty miles an hour.

This was a proceeding of a criminal nature and the burden of proof required the People to prove their case beyond a reasonable doubt. The evidence falls very short of sustaining that burden; and, in my opinion, would not even justify a verdict for the People on the mere preponderance of evidence rule. The stories of the defendant and his companions seem much more credible than those of the complainant and her witnesses. The modern car is easily controlled at a speed of thirty to forty miles an hour in passing on a double nine-foot concrete road. Millions of such maneuvers are executed daily without casualty. That, for some unexplained reason, the defendant should have bounced off the road instead of passing is rather incredible. His mind was on his driving; he had signaled for the passing and was apparently concentrating on his driving. About the only thing which could have caused him to leave the road would have been just what he and his witnesses claimed, namely, that the preceeding car swung back to its former position astride of the center line. From that point on, no blame could be attached to the defendant in endeavoring to get up on to the highway in view of his greater speed and the menace of posts ahead. At forty miles an hour, he would cover nearly sixty feet per second. Had the complaining witness merely slackened speed, no accident need have occurred, insofar as her car is concerned. The judgment, therefore, must be reversed and the fine, imposed and paid, must be remitted.

Another point should receive mention. The defendant was charged with the infraction of speeding in a manner to endanger life and property. Without reviewing the entire legislation on control of speeding in the State of New York, it should be noted that the former section 56 was never considered as a basis for prosecution of infractions. (*People* v. *Gilberg,* 21 N. Y. S. 2d 920

[1940].) Speed in the circumstances set forth was considered only as one of the material elements in prosecutions for reckless driving under section 58 of the Vehicle and Traffic Law. A prosecution for reckless driving would entitle the accused to a jury trial. (*People* v. *Rosenthal,* 171 Misc. 954 [1939].) Under that section, speed alone is not the proper test of careless driving. (*People* v. *Herman,* 174 Misc. 235 [1940].) To sustain convictions for reckless driving of motor vehicles, the evidence must show more than mere errors of judgment or the mere fact that a collision or accident occurred. It must establish beyond any reasonable doubt that the defendant failed to exercise the care of the reasonably prudent man and thereby unreasonably endangered users of the highway. (*People* v. *Sandner,* 162 Misc. 41 [1936].)

Former section 56 was, however, repealed and by chapter 861 of the Laws of 1946, the present subdivision 1, above referred to, was enacted. In subsequent subdivisions, varying rates of speed under various circumstances were positively declared unlawful.

The People, in this case, claim that under subdivision 1, a prosecution was authorized for the infraction of proceeding at a rate of speed in a manner to endanger life and property, without the necessity of showing the distance traveled or the rate of speed, whether five miles or sixty miles an hour. In my opinion, the Legislature never intended the use of this section for prosecution of an infraction. If the rate of speed appears to be as prohibited by the subdivision, the driver could and should be charged with reckless driving under section 58. Such behavior warrants more than a $10 fine for the offense. The complaint in this proceeding, if made prior to the enactment of the present subdivision 1, would have been dismissed by the Justice without question. The former section declared, in substance, that all persons should drive carefully. The new subdivision declares, in substance, that no person shall drive recklessly. Former section 56, containing the direction that all should drive carefully and at a rate of speed so as not to endanger life, limb or property of others, was declared not intended to restrict speed. Its provisions were considered merely as matters of evidence in prosecutions for reckless driving. (1937 Atty. Gen. 207.)

If failure to follow this statutory direction was not grounds, in 1937, for prosecution as an infraction, it cannot reasonably be said to furnish such a basis now, despite the change in language from an affirmative to a negative, forbidding careless driving.

The criminal law contemplates that the offender shall know or be presumed to know the law and to know that his act is a violation thereof. The only knowledge an alleged offender under subdivision 1 might have as to his violating this prohibition would rest on his understanding as to how a reasonably careful man would drive under the circumstances. His standard of prudence and care should not be controlled by the opinion of the arresting officer or the trial judge. His act may be negligent and the question of negligent conduct is daily determined before thousands of juries. The trial of such issues is rarely left to the judgment and discretion of a trial judge.

Neither counsel have cited any decisions on the point in question. Until the meaning of subdivision 1 has been further clarified by the courts or by the Legislature, the subdivision should not be used as a method by which speedy prosecution and disposal may be had of cases involving reckless driving or driving without control of the motor car, an extremely dangerous instrument of transportation. In my opinion, therefore, the complaint in this case for the alleged infraction should have been dismissed and if the evidence was available, the People should have charged and prosecuted the defendant under section 58 of the law.

An order may be entered reversing the judgment of conviction and dismissing the complaint and for a remission of the fine imposed.