THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
ROWE ROBERTS, Appellant.

County Court, Chautauqua County, May 23, 1949.

*Rollin A. Fancher* and *Allison P. Olson* for appellant.

*Edwin G. O'Connor, District Attorney* (*Sidney T. Hewes* of counsel), for respondent.

BODINE, J.  Defendant was convicted of violation of subdivision 1 of section 56 of the Vehicle and Traffic Law by a jury in City Court of Jamestown on an information charging him with the crime of " Unlawfully operating a motor vehicle on North Main Street, Jamestown, New York, at a rate of speed and under such circumstances as to endanger the lives and property of other persons, to wit: Damaging the automobile, being the prop-

erty of Erlon Glenndening and causing the deaths of (two persons) in violation of Article 5, § 56, subdivision 1 of the Vehicle and Traffic Law of the State of New York." A fine of $25 was imposed.

The conviction is assailed on two grounds: that the information does not charge a crime within the purview of the statute, and that the verdict was not warranted under the evidence presented. I believe the exceptions of defendant on both grounds to be well taken and that the conviction should be reversed and the information dismissed.

The question presented by the first mentioned ground of objection to the verdict, viz., that the statute does not apply, was the subject of a well-considered opinion on appeal by Judge UNDERWOOD of the Cayuga County Court (*People* v. *Parker*, 192 Misc. 551), with which I am in full accord. There as here the information charged speeding in such a manner as to endanger life and property and it was held that under subdivision 1 of section 56 there could be no prosecution for infractions without a definite showing of violation of the legal rate of speed as provided in the following subdivisions of the section. Speed was not the basis of the information in the instant case — it was speed coupled with circumstances, thus bringing the case squarely under the provisions of section 58 which defines and prohibits reckless driving. The mere happening of an accident, no matter how serious the results to life or property, cannot of itself serve to make out a case of reckless driving. The evidence " must establish beyond any reasonable doubt that the defendant failed to exercise the care of the reasonably prudent man and thereby unreasonably endangered users of the highway ". (*People* v. *Parker, supra,* and cases cited.) Speed is but an incidental element for consideration in a prosecution for reckless driving, while under section 56 entitled " Speed limited ", it is the essential element.

On the facts the verdict was not justified. Defendant was confronted with a situation that finds its counterpart times without number. No amount of prudence except proceeding at a snail's pace can guard against an approaching driver who imprudently elects " to figure " as the complaining witness did, that he can cut across the path of an oncoming car in time to avoid a collision. Speed under such circumstances has little to do with the case. A driver has the right to assume that others will observe this most simple and probably best understood of all the laws of the road. Had the complaining witness

observed this elementary rule this tragic accident would not have occurred.

Judgment reversed, information dismissed and the fine imposed, if paid, remitted.