In the Matter of JOHN R. McNELLIS, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Broome County, January 6, 1950.

*Charles J. Bellew* and *William K. English* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Irving I. Waxman* of counsel), for respondent.

NEWMAN, J. The petitioner was involved in an accident February 7, 1948, at Endicott, New York. He was unable to stop his motor vehicle at an intersection in time to avoid a collision with another motor vehicle.

A hearing was had and the commissioner found: "It is obvious from the testimony that McNellis did not have his car under proper control, and was unable to stop same in time to avoid the collision.

"Decision: Suspend the license of John Robert McNellis — 30 days — violation of Section 56–1 of the V & T. (Operation of a motor vehicle at a rate of speed greater than will permit such operator to bring his vehicle to a stop without injury to another or his property.)"

The petitioner contends that subdivision 1 of section 56 of the Vehicle and Traffic Law is merely a declaration of legislative policy of which there can be no violation, and in support of his position cites *People* v. *Parker* (192 Misc. 551) decided by the Cayuga County Court. The decision in the *Parker* case (*supra*) was followed by the Chautauqua County Court in *People* v. *Roberts* (195 Misc. 172). In both of these cases the County Courts reversed judgments of conviction on the ground that the evidence was insufficient to sustain the judgment of conviction. The courts then proceeded to discuss the question now under consideration. It is on this dicta that the petitioner relies.

In the *Parker* case (*supra,* pp. 553, 554) the court said: "In my opinion, the Legislature never intended the use of this section for prosecution of an infraction. If the rate of speed appears to be as prohibited by the subdivision, the driver could and should be charged with reckless driving under section 58 * * *." (p. 554.) "If failure to follow this statutory direction was not grounds, in 1937, for prosecution as an infraction, it cannot reasonably be said to furnish such a basis now, despite the change in language from an affirmative to a negative, forbidding careless driving." (P. 553.)

We disagree with this reasoning. Section 56 is now entirely different than it was prior to the 1946 amendment (L. 1946, ch. 861). Prior to the 1946 amendment the section read: "Every person operating a motor vehicle upon a public highway shall drive such vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person ". (Vehicle and Traffic Law, § 56, subd. 1, par. a, as re-enacted by L. 1942, ch. 506.)

The section as amended now reads: " No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property." (Vehicle and Traffic Law, § 56, subd. 1, as amd. by L. 1946, ch. 861.)

The language of the amended section, even the heading, has been completely changed. As it now reads in plain language it prohibits the operation of a motor vehicle at such a speed as to endanger the life, limb or property of another and at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property, and the subsequent paragraphs of the section now absolutely prohibit speed in excess of certain limits, whereas formerly it merely made speed in excess of these limits presumptive evidence of driving at a rate of speed that was not careful and prudent.

From a reading of the two sections it is apparent that the Legislature intended to make a radical change in the law.

Prior to the passage of this amendment the Governor called a safety conference for the purpose of considering what could be done to reduce or check the mounting accident toll. This conference in its report made the following recommendation: " Your Committee therefore recommends the adoption of an overall speed limit of 50 miles per hour, such speed limit to be absolute, not prima facie. It further recommends that the law relating to speed limits include a clause declaring that a speed greater than that which is reasonable and prudent under the conditions is a violation." (New York State's Traffic Safety Program, 1946. Report of New York Governor's Conference on Highway and Traffic Safety, p. 22.)

This amendment apparently was made for the purpose of carrying out the recommendations of the safety conference. The language used is clear and positive and prohibits the driving of a motor vehicle at a rate of speed greater than will permit the bringing of the vehicle to a stop without injury to another or his property. A violation thereof is an infraction.

The determination of the respondent is confirmed and the petition dismissed.