THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROGER PIER, Appellant.

County Court, Otsego County, October 15, 1952.

*Joseph P. Leary* and *Scott E. Greene* for appellant.

*Richard J. Bookhout, District Attorney,* for respondent.

Loomis, J. On June 23, 1952, Roger Pier, aged seventeen years, was convicted before Justice of the Peace Wilbur Porteus, of the Town of Milford of a violation of subdivision 1 of section 56 of the Vehicle and Traffic Law of the State of New York. The defendant was convicted on his plea of guilty and was sentenced to pay a fine of $10.

The defendant has appealed from such conviction on the grounds: (1) That the information is defective and insufficient; (2) That the section does not furnish a proper basis for such charge as is here under consideration, and (3) That defendant was not properly advised as to his right to counsel, etc.

(1) In my opinion the information is adequate to meet the legal requirements relative thereto.

(2) It is the opinion of this court that subdivision 1 of section 56 of the Vehicle and Traffic Law of the State of New York does furnish a proper basis for such a charge as is here under consideration. Counsel for the defendant cites the cases of *People* v. *Parker* (192 Misc. 551) and *People* v. *Roberts* (195 Misc. 172) as authority for his position that it does not. However, both of these cases were County Court determinations and I cannot agree with the decisions of those cases. The plain language of the section prohibits the operation of a motor vehicle at such a speed as to endanger the life, limb or property of another and at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property. A violation of this section constitutes an infraction. (See *Matter of McNellis* v. *Fletcher,* 197 Misc. 80.)

(3) We next consider the question of whether the defendant was properly advised of his right to counsel. In his moving affidavit the defendant states that the Justice told him that he could get a lawyer but it would cost a lot of money and that he would probably be found guilty anyway. In his answering affidavit Justice of the Peace Porteus denies the other statements of the defendant but admits that " he did tell the defendant Roger Pier that he could get a lawyer but he would have to pay him and it might cost a lot of money." The law has always zealously guarded the right of a defendant to be advised of his right to counsel. Indeed it provides for the assignment of counsel without compensation in noncapital cases where a defendant has not means to employ an attorney. It is incum-

bent upon a judge or justice to fairly and impartially advise a defendant of this right and it is not the province of the court, in any way, to influence the defendant concerning whether he should, or should not, retain counsel. It is true that there is no duty on the court to advise a defendant that he is entitled to counsel *without cost,* but neither should the court in any way, by words or actions, attempt to dissuade a defendant from such protection as is guaranteed to him under the law. The statement of the Justice to the effect that it might cost the defendant a lot of money to get a lawyer could only have operated to discourage the defendant from claiming a substantial right. In my opinion such a statement coming from the Justice, who represents an impartial tribunal to hear the charge against the defendant, was improper, particularly in view of the defendant's youthful years, and may well have prejudiced a substantial right of the defendant.

The judgment of conviction is reversed, the fine is remitted, and the case is remanded to the Justice for a new trial, including arraignment, instructions, determination and disposition.

Submit order accordingly.