The People of the State of New York, Respondent, *v.* Clarence P. Burkhalder, Appellant.

County Court, Chautauqua County, December 11, 1952.

*George W. Holt* for appellant.

*Edwin G. O'Connor, District Attorney,* for respondent.

BODINE, J. Since the decisions in *People* v. *Parker* (192 Misc. 551) and *People* v. *Roberts* (195 Misc. 172), commenting on the effect to be given subdivision 1 of section 56 of the Vehicle and Traffic Law, it has been construed by Justice NEWMAN in *Matter of McNellis* v. *Fletcher* (197 Misc. 80, 82). The recommendation of the Governor's Safety Conference Committee as quoted by Justice NEWMAN " that the law relating to speed limits include a clause declaring that a speed greater than that which is *reasonable* and *prudent under the conditions* is a violation " (italics supplied) was apparently the basis for the enactment of the statute and furnishes the clue to its interpretation. This interpretation follows the general rules collated by Justice EDER in *Matter of Carns (Ralph)* (181 Misc. 1047). Here, to my mind, is clearly a case where we are justified in giving effect to the apparent intent of the statute although it may be contrary to the literal letter thereof " for a thing within the letter of the statute is not within the statute if it is not within the intention of the law makers." (*Matter of Carns [Ralph], supra,* p. 1055.) It would follow, therefore, that mere proof of an accident and injury is not sufficient to justify a conviction under the statute in the absence of proof that the car was being driven at a speed which could be said to be unreasonable and imprudent under the conditions present.

The undisputed facts as related by the People's witnesses, no witnesses having been produced by defendant, show that defendant was proceeding at an estimated speed of around forty miles per hour upon a village street in a residential section along which cars were parked and where there were children present. One of these small children darted out from behind a car and was struck by defendant. It seems to me that these facts bring the case within the application of the statute as deemed intended by the Legislature. The Trial Justice was justified in holding that under the circumstances defendant was not exercising the care and prudence reasonably to be required of him. It is useless to speculate upon what might have happened if he had been going much slower.

This conclusion giving effect to subdivision 1 of section 56 is not in reality inconsistent with the *Parker* and *Robert* cases relied upon by defendant, for they were decided on the merits in that the facts there present were held not to establish a basis for holding the defendants to any criminal accountability.

Judgment affirmed.