THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD SPRAGUE, Appellant.

County Court, Yates County, April 19, 1953.

*Charles P. Knapp* for appellant.

*Lyman H. Smith, District Attorney,* for respondent.

McCann, J. The petitioner herein pleaded guilty on March 1, 1953, before Clark L. Benedict, Justice of the Peace, Town of Jerusalem, Yates County, New York, to two separate violations of the Vehicle and Traffic Law, namely subdivision 1 of section 56, which reads as follows: " No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property."

The other violation was of subdivision 6 of section 70 of the Vehicle and Traffic Law which reads as follows: " Any operator or chauffeur operating a motor vehicle or motor cycle upon a public highway while his license is suspended or revoked shall be guilty of a misdemeanor, and upon conviction shall be subject to a fine of not less than twenty-five dollars nor more than one hundred dollars or by imprisonment for not exceeding thirty days or by both such fine and imprisonment for conviction of a first offense ".

From these two convictions he now appeals on the grounds that the sentences imposed were excessive and as to the violation of subdivision 1 of section 56 of the Vehicle and Traffic Law it is his contention that he was not driving at a high or dangerous rate of speed and that subdivision 1 of section 56 of the Vehicle and Traffic Law is merely a declaration of legislative policy of which there can be no violation and in support of his position cites *People* v. *Parker* (192 Misc. 551) decided by the Cayuga County Court. The decision in the *Parker* case was followed by the Chautauqua County Court in *People* v. *Roberts* (195 Misc. 172).

In both of these cases the County Courts reversed judgments of conviction on the ground that the evidence was insufficient to sustain the judgment of conviction. The defendant here relies on the dicta of the Cayuga County case (*People* v. *Parker, supra*) in which case the court said (p. 553): " In my opinion, the Legislature never intended the use of this section for the prosecution of an infraction. If the rate of speed appears to be as prohibited by the subdivision, the driver could and should be charged with reckless driving under section 58." The court goes on further to say: " If failure to follow this statutory direction was not grounds, in 1937, for prosecution as an infraction, it cannot reasonably be said to furnish such a basis now, despite the change in language from an affirmative to a negative, forbidding careless driving ".

In the *Parker* case the conviction was had after a contested trial in the lower court.

In the case now under consideration the conviction was based upon a plea of guilty, without a trial.

In the case of *People* v. *Earing* (71 Misc. 615, 619) the court said: '' A plea of guilty ' is a record admission of whatever is well alleged in the indictment '. * * * Any defect, not jurisdictional, can be and was, waived by the defendant in not raising the objection before the magistrate, and by the plea of guilty.''

This case was affirmed (146 App. Div. 903) and an appeal was dismissed (204 N. Y. 584). The present law is different from the way that it read in 1937. The language of the amended section, even the heading, has been completely changed. As it now reads in plain language it prohibits the operation of a motor vehicle at such a speed as to endanger the life, limb or property of another and at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property, and the subsequent paragraphs of the section now absolutely prohibit speed in excess of certain limits, whereas formerly it merely made speed in excess of these limits presumptive evidence of driving at a rate of speed that was not careful and prudent.

From a reading of the two sections it is apparent that the Legislature intended to make a radical change in the law.

Prior to the passage of this amendment the Governor called a safety conference for the purpose of considering what could be done to reduce or check the mounting accident toll. This conference in its report made the following recommendations: '' Your Committee therefore recommends the adoption of an overall speed limit of 50 miles per hour, such speed limit to be absolute, not prima facie. It further recommends that the law relating to speed limits include a clause declaring that a speed greater than that which is reasonable and prudent under the conditions is a violation.'' (New York State's Traffic Safety Program 1946. Report of New York Governor's Conference on Highway and Traffic Safety, p. 22).

This amendment apparently was made for the purpose of carrying out the recommendations of the safety conference. The language used is clear and positive and prohibits the driving of a motor vehicle at a rate of speed greater than will permit the bringing of the vehicle to a stop without injury to another or his property. A violation thereof is an infraction.

The conviction of the defendant of violation of subdivision 1 of section 56 of the Vehicle and Traffic Law in Justice Court of the Town of Jerusalem, Yates County, New York on March 1, 1953, is affirmed.

As to the excessiveness of the sentences it is apparent that the Justice intended that the punishment for these violations should be by payment of a fine. And in order to enforce the payment of these fines the Justice had no other alternative than to commit the defendant to the Yates County jail where he could arrange for such payment. To have done otherwise would have been foolhardy and made the Justice liable for the payment of the fine.

The defendant being unable to pay the fine has already spent thirty days in the jail, the memories of which should be a deterrent against committing any future violations. Accordingly the fines are hereby reduced to $30 for each violation and the defendant having already served thirty days in jail in lieu thereof, is ordered discharged.

In all other respects the judgments of conviction are affirmed.