George D. Ogden, J.
After a trial, without a jury, in the Court of Special Sessions, Town of Henrietta, defendant was found guilty of committing the “infraction of Dangerous Speed ” in violation of subdivision 1 of section 56 of the Vehicle and Traffic Law in that (according to the information) he operated a motor vehicle upon a public highway “ at a rate of speed greater than would permit him to bring his vehicle to a stop without injury to another’s property.”
The only witness called by the prosecution was a State trooper, who testified that about 3:05 p.m. on October 6, 1955 he received a report of an accident which had occurred on Route 15-A in the town of Henrietta; that he arrived at the scene of the accident some time after it occurred, and found two cars at the side of the highway, which had apparently been involved in a collision. This witness did not see the accident, and the only evidence of how it occurred was the statement made by defendant to the trooper in the course of which defendant stated that ‘‘ he was behind the Buick and the Buick was making a right hand turn into the driveway and he could not stop in time to avoid striking the rear of the car.” The trooper testified that it was raining at the time and that he did not see any skid marks on the pavement. One of the cars had been moved between the time of the accident and the arrival of this witness. There was no testimony as to defendant’s speed.
On this testimony the prosecution rested, and a motion to dismiss the information was denied.
Defendant testified that he was traveling in a 35-mile zone at a speed of 25 to 30, or 30 to 35 miles per hour, following two *460 cars, when suddenly the car ahead of him pulled to its left on the two-lane highway, passed the second car ahead (the Buick), at which time he saw the Buick turning into a driveway, and a car approaching from the opposite direction about 100 feet away; that he applied his brakes and skidded into the rear of the car which was turning.
Upon all of the testimony defendant was found guilty. In my opinion, this judgment is not supported by the evidence. While defendant was not accused of reckless driving, nevertheless, some evidence of fault on his part in causing the accident must be proven; no such evidence was submitted. To hold otherwise would be tantamount to saying that mere proof of an accident and injury is sufficient to justify a conviction under this statute even in the absence of proof that the car was being-driven at a speed which could be found to be unreasonable and imprudent under the conditions present.
While the decision in People v. Grogan (260 N. Y. 138) dealt with section 58 of the Vehicle and Traffic Law (reckless driving), it seems to me that the reasoning of the court may well be applied to the case at bar. The court stated (pp. 142-143): “The information stated that the defendant was charged with violating section 58 of the Vehicle and Traffic Law in that he did operate an automobile at a rapid and dangerous rate of speed which did endanger the life of others. The danger arose because of the rapid and dangerous rate of speed. If this means anything it means going fast, exceeding the speed law. There is not a bit of evidence in the case that the defendant was going- fast or at a rapid rate of speed, and the judge does not find him guilty of any such act. * * * For the prosecution there is not one word of evidence as to the speed of the defendant’s car. The whole case is based upon the fact that a collision occurred, the defendant’s car striking the hind fender of the complainant’s. * * * The case is entirely barren of any evidence of excessive speed, or driving at a rapid and dangerous rate of speed, and the information should have been dismissed.”
In People v. Sprague (204 Misc. 99, 101) and People v. Burkhalder (203 Misc. 532, 533) reference is made to the report of the Governor’s Safety Conference Committee which recommended ‘‘ the adoption of an overall speed limit of 50 miles per hour, such speed limit to be absolute, not prima facie. It further recommends that the law relating to speed limits include a clause declaring that a speed greater than that which is reasonable and prudent under the conditions is a violation.” (Italics mine.) As was pointed out in the Sprague case (p. 101) *461 this 1946 amendment to the Vehicle and Traffic Law (§ 56, subd. 1) “ apparently was made for the purpose of carrying out the recommendations of the safety conference.” And, in the Burkholder case (supra, p. 533), the court states: “ Here, to my mind, is clearly a case where we are justified in giving effect to the apparent intent of the statute although it may be contrary to the literal letter thereof ‘ for a thing within the letter of the statute is not within the statute if it is not within the intention of the law makers.’ (Malter of Carns [Ralph], [181 Misc. 1047], p. 1055.) ”
I respectfully differ from the learned Judges who wrote the opinions in the Sprague and Burkholder cases in their reconciliation of the wording of the statute with the recommendation of the Governor’s Committee. I am unable to find in the statute any prohibition against the operation of a vehicle at “ a speed greater than that which is reasonable and prudent under the conditions.” The statute makes it a traffic infraction to set a vehicle in motion, even at the lowest speed possible to constitute motion, if such vehicle is thereafter involved in an accident which causes injury to another or his property. The statute imposes liability without any fault; its words constitute the operator of a vehicle the insurer of the public on a public highway against injury because of such operation. I cannot reconcile this result with the recommendation of the Governor’s Committee. It is my opinion that subdivision 1 of section 56 does not set up a standard for the operation of a motor vehicle on a public highway a deviation from which can properly be made the basis for a criminal prosecution.
Referring again to the opinion in People v. Grogan (260 N. Y. 138,145,148,149, supra): ‘‘ Statutes which create crimes must be definite in specifying conduct which is condemned or prohibited. They must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements. ‘ Laws which create crime ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid.’ * * * Every one has a lawful right to use the highway and to use it cautiously and carefully and no law can prevent or prohibit such user. The driving becomes dangerous, or unnecessarily dangerous, in the eyes of the law, only when there is a failure to exercise care or caution under the circumstances. * * * We then have some standard for the guidance of the court the same as we have in the ordinary negligence case. Without such a *462 standard, without such a measure by which to judge the conduct of man, the criminal statutes are too vague and indefinite for enforcement; they are unconstitutional.”
I am of the opinion that subdivision 1 of section 56 of the Vehicle and Traffic Law, in its present form, is too vague and indefinite to be enforced, and that a violation of its prohibitions does not, in fact, constitute a traffic offense or infraction.
The judgment of conviction is reversed; the information dismissed ; and the fine, if paid, remitted.
Submit order.