Francis A. Sturges, J.
The information charged the defendant with commission of traffic infraction of speeding in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York in that the defendant did, on the 10th day of February, 1956, wrongfully and unlawfully operate a 1954 Cadillac upon the public highway in the town of Graines, Orleans County, New York, at a rate of speed in excess of 50 miles per hour for a distance greater than one-quarter mile, to wit 60 miles per hour, with the further allegation that the State Traffic Commission has not authorized a speed greater than 50 miles per hour on this highway.
The defendant was arrested on the 10th day of February, 1956, and taken before a Justice of the Peace of the Town of Graines where he entered a plea of not guilty. After three adjournments the defendant was tried before the said Justice of the Peace, without a jury but with a stenographer taking and transcribing a report of the entire trial proceedings, including a statement by the court wherein he fully advised the defendant of all his rights. This transcript or the testimony was included in the return of the Justice. Defendant was represented by his attorney throughout the trial.
The People were not represented by an attorney. The prosecution was conducted by the State trooper who made the arrest. The trooper was duly sworn and testified as follows: “ On February 10th 1956, about 10:45 a.m. I was traveling east on Route 104 and the defendant Steven Wilson was traveling west and went past me in a 1954 Cadillac Coupe, License 24326, N. Y., and his- speed was such I turned around and followed him. I followed him for perhaps a mile or a mile and a half and clocked him at 65 miles per hour on my speedometer. I dropped back after he slowed down slightly and then caught up with him again and followed him for another mile and then clocked him at 65 on my speedometer. I pulled up along side and he was pulling up and he slowed down and I pulled him over and asked for his driver’s license and registra *889 tion and I clocked him in the Town of Gaines, Route 104, west of what is known as Gaines.” The trooper then offered in evidence a certificate from the State Traffic Commission certifying that it had not fixed a maximum speed limit greater than 50 miles per hour on or along any highway within the State of New York. This certificate was received in evidence.
The trooper then testified as follows: “I also have a calibration certificate for the speedometer for the vehicle I was driving at the time I clocked the defendant Steven Wilson, which is dated April 9th, 1956, and it stated in order to travel 60 miles per hour that 64 miles per hour must show on the speedometer. I also wish to offer that in evidence, marked Exhibit 2, for the People.” This certificate was received in evidence and the People rested.
The attorney for the defendant then moved to dismiss on the ground that there was no proof of the accuracy of the trooper’s speedometer at the date of arrest; that there was no proof that the trooper stayed an equal distance behind the defendant when he was clocking him and no proof that the speedometer had not been repaired since the arrest; and that there was a reasonable doubt and that the defendant should be dismissed. This motion was denied by the court and the attorney took an exception. (The phrase “ that the defendant should be dismissed” is apparently an error in reporting as the attorney obviously moved that the charge against the defendant should be dismissed; and this motion was doubtlessly so understood.)
The defendant was then placed upon the stand by his attorney and, after being sworn, testified, in substance, that his work was selling automobiles and that he travelled about 1,500 miles per week; that on February 10, 1956, he was traveling westerly on Route 104, on his way to Canada; that he was familiar with the highway and that, when he came in to the township of Gaines, he noticed a State police car parked on the corner of one of the street intersections, the occupant talking with a truck driver off the highway; that the defendant was, at that time, going about 25 miles per hour: that he later resumed his speed of 48 to 50 miles per hour, and that later he noticed the police car behind him and then observed that his speed was 48 miles per hour by his speedometer; that later the police car pulled up alongside of him and he was taken before the court; that he had been driving for 13 years and had occasion to estimate how fast he was traveling by looking out of his windows and then back at his speedometer; that he thought *890 that he could estimate the speed at which he was traveling, without looting at Ms speedometer and that, on this occasion, he estimated that he was traveling ‘1 between 45 and 50, no more
Under cross-examination by the trooper, defendant stated that the car wMch he was driving at the time was a used car and that the speedometer had never been calibrated since he had it and that he did not know whether or not it had ever been calibrated.
Upon the completion of this cross-examination by the trooper on behalf of the People, the People rested. The defendant then rested, and proofs were closed.
The attorney for the defendant then renewed Ms motion to dismiss, and stated that the certificate of accuracy on the police car some two months after this arrest was not competent evidence that it was in good working order when the defendant was arrested; and that there was reasonable doubt here and that he asked for dismissal of the case. The court did not grant the motion but adjudged the defendant guilty and fined him $10.
There are three essential elements which must be proven to sustain a conviction under subdivision 3 of section 56 of the VeMcle and Traffic Law of the State of New York, viz.: (1) The rate of speed on the public highway must be in excess of 50 miles an hour (2) such speed must be maintained for a distance of one fourth of a mile (3) such speed is not unlawful if permitted by the State Traffic Commission. No question has been raised as to the fact that the State has not fixed a maximum speed limit greater than 50 miles per hour on or along tMs particular highway; nor is any claim made that tMs defendant is excepted from the application of this section under the provisions of the present subdivision 5. Hence the question before the court is whether the evidence produced showed that the defendant drove on the said “ public Mghway in excess of fifty miles an hour for a distance of one-fourth of a mile ’
Although violation of subdivision 3 of section 56 of the VeMcle and Traffic Law is generally referred to as an offense or traffic infraction, it must be noted that the punishment therefor is provided for under subdivision 4 of section 70 of the Vehicle and Traffic Law, which permits or authorizes a fine of not exceeding $100 and imprisonment for not exceeding 30 days or both such fine and imprisonment, upon a conviction of a first offense, with much more severe punishment for subsequent offenses. Such punishments, which authorize imprisonment Of the defendant, make these proceedings of a criminal nature *891 and require the People to prove their casé beyond a reasonable doubt. (People v. Parker, 192 Misc. 551.) This court is aware of the fact that, under subdivision 29 of section 2 of the Vehicle and Traffic Law, this violation is defined as a “ traffic infraction ”, and that this subdivision further provides or states that ‘ ‘ a traffic infraction is not a crime ' ’ but this subdivision further provides as follows: “ Courts and judicial officers heretofore exercising jurisdiction over such acts and violations as misdemeanors or otherwise shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors * * * except as herein otherwise expressly provided shall apply to traffic infractions, except however, that no jury trial shall be allowed for traffic infractions.” These provisions show the intention of the Legislature to preserve all the protection heretofore given to a person charged., with a crime, except the right to a jury trial. Hence section 389 of the Code of Criminal Procedure, which provides for the presumption of innocence and sets forth the rule that in case of a reasonable doubt whether his guilt is satisfactorily shown, the defendant is entitled to an acquittal, is applicable on trials for such traffic infractions. It is inconceivable that the Legislature intended to deprive a defendant of this protection by merely defining these violations as traffic infractions, instead of misdemeanors or crimes. The obvious intention of the Legislature as clearly shown by the language of the statute, was two-fold, viz.: (1) to save the defendant from the impairments which might result from a conviction of a crime, and (2) to expedite the disposition of traffic infraction charges by the elimination of a jury trial.
The People relied entirely upon the testimony of the trooper as to his speedometer readings, without offering any testimony as to the trooper’s own personal observation and estimate of the speed of the defendant’s car. No testimony or proof was offered or given as to the accuracy of the speedometer on the trooper’s car on February 10, 1956, the date of arrest. The calibration of that speedometer was made on April 9, 1956, nearly two months after the arrest, with no testimony as to whether or not the speedometer at the time of calibration appeared to be registering the rate of speed as it had on February 10, 1956, or whether the speedometer was apparently substantially accurate on February 10, or whether or not it had been broken or repaired either before or after February 10, 1956. Obviously, a check of a speedometer made on April 9, *892 1956, was not competent or material evidence as to its accuracy two months before, without any proof to show or tend to show that the speedometer was in substantially the same condition two months before.
I also note that the trooper nowhere testified that the defendant maintained a speed “ in excess of 50 miles per hour for a distance of one-fourth of a mile ”, unless it can be assumed that his statement that he “ clocked him at 65 miles per hour on my speedometer ” must be construed as direct testimony that the defendant did exceed 50 miles per hour for a distance of one fourth of a mile according to the trooper’s speedometer. But the trooper offered no testimony as to how he ‘ ‘ clocked ’ ’ the defendant, other than to state that he had twice followed the defendant for a mile or more. He did not testify that he had driven at a certain unvarying distance behind the defendant for one fourth of a mile or more and that his speedometer read 65 miles per hour during this period; nor did he offer any evidence as to the accuracy of his speedometer on February 10, 1956, other than to introduce a calibration certificate made on April 9, 1956, which showed that his speedometer was then reading 64 miles per hour when the car was traveling 60, with no testimony as to the accuracy of the speedometer on February 10, 1956, the day of the arrest.
We are not here concerned with the amount of the fine or extent of the punishment imposed nor with other handicaps which might result to the defendant from the conviction; nor should this court speculate as to what may have motivated the Justice of the Peace to impose only a small fine. We are here concerned with the more important question as to whether or not the law permits a citizen to be convicted of a violation of statute in proceedings which are criminal in their nature and the punishment for which may deprive a citizen of his property and liberty and carry imprisonment, without evidence showing his guilt beyond a reasonable doubt.
I am of the opinion and hold that the trial court should have granted the motion made by the defendant at the end of the People’s case upon the ground that the People had not proved the defendant guilty beyond a reasonable doubt. The People, after the defendant’s motion to dismiss, made no effort to supply the necessary testimony then nor during the defendant’s ease.
I am of the further opinion and I further hold that, after the defendant’s testimony as shown in the record, the People had not only failed to prove the guilt of the defendant beyond a reasonable doubt but had failed to prove the violation by the *893 defendant of subdivision 3 of section 56 of the Vehicle and Traffic Law by a fair preponderance of evidence.
An order may be entered reversing the judgment of conviction and dismissing the complaint and for a remission of the fine imposed.