J. Robert Johnson, J.
The defendant was convicted on the 22d day of November, 1956, after trial without jury before Hon. Claude R. Clark, Justice of the Peace of the Town of Cobleskill, sitting as a Court of Special Sessions, of a violation of subdivision 1 of section 56 of the Vehicle and Traffic Law, and a fine of $10 was imposed and paid. The defendant appeals from the conviction.
The complainant and only witness was a member of the New York State police who, it is alleged in the affidavit on appeal, and it is not disputed, was not present at the time of the alleged violation but arrived on the scene thereafter. This officer filed an information purporting to accuse the defendant of a violation *634 of the latter portion of subdivision 1 of section 56 of the Vehicle and Traffic Law, the words of which, describing the offense read as follows: “Alex Horowitz while driving a 1953 Buick N. Y. Beg. 1W1360 did strike and damage a vehicle owned & operated by a Albert Fitzelle on Bt. 7 Town of Cobleskill, Vehicle Bearing N. Y. Beg. 2X5296. This being contrary to and direct violation of the above mentioned section of the Vehicle & Traffic law of the State of New York.”
It will be noted that there is no allegation here as to any speed at which the defendant was operating his motor vehicle. The testimony of the trooper as reported in the return and apparently taken in narrative form by the Justice, was simply to the effect that the road was dry, that the parked automobile with which he collided was visible to the defendant for some 300 yards and that the “ break ” lights on that vehicle were in working condition after the accident. No testimony is given as to actual speed at which the defendant’s car was being operated and any testimony of the trooper as to the reasonableness of the speed or as to the defendant’s inability to bring his vehicle to a stop must be deemed a conclusion on the part of the witness and not as evidence of any facts substantiating the charge.
The only reasonable conclusion which can be drawn from this testimony is that the defendant’s car collided with that of one Albert Fitzelle. There is nothing in the record to indicate the conditions under which the Fitzelle car was stopped, its location on the highway, the distance from the defendant’s car, the direction in which the defendant’s car was proceeding, or any other fact relating to the collision or bearing on the defendant’s ability or inability to stop his car. There is no proof that the collision was due to the defendant’s inability to stop or to any other fault or omission on the part of the defendant.
It becomes obvious that the mere fact of the collision was relied upon as the basis for prosecution without regard to any culpability on the part of the defendant. This position cannot be sustained. Although the defendant was not accused of reckless driving, there must be some evidence of fault on his part to sustain a conviction. (People v. Gaebel, 153 N. Y. S. 2d 102.) This proceeding is of a criminal nature and the burden is on the People to prove their case beyond a reasonable doubt. (People v. Parker, 192 Misc. 551.) The ease was not so proven here and on these grounds alone, the conviction should be reversed.
This court, however, is further concerned with subdivision 1 of section 56 as a standard for the operation of a motor vehicle, *635 a deviation from which can be made the basis for criminal prosecution (People v. Gaebel, supra) and the constitutionality of this statute.
There can be no quarrel with the aims and purposes of the agencies seeking to reduce our increasing toll of highway accidents and the establishment and enforcement of proper rules and regulations should be the concern of all citizens. However, this should not extend to prosecutions of a criminal nature without the establishment of a proper and reasonable basis for such prosecution. Subdivision 1 of section 56 does not establish such a basis, but this subdivision particularly the second portion thereof, was apparently set up as a “ catch all ’ ’ under which any person involved in a collision while his motor vehicle was in motion may be prosecuted regardless of any negligence or fault on his part.
This section is claimed to be in accordance with the recommendations of the Governor’s Safety Conference of 1946. The only recommendation of that conference which has been cited, however, is that the law relating to speed limits include a clause declaring that “ speed greater than that which is reasonable and prudent under the conditions, is a violation.” (Italics mine.) Subdivision 1 of section 56 makes no allowance whatever for conditions and the case at bar gives rise to the belief that the enforcement officials interpret this statute as having no reference to any existing conditions.
It is well known to all who drive or are familiar with traffic conditions on our highways, that many collisions occur without fault on the part of any driver; sudden stops without warning, improper turns, unexpected highway conditions create many unavoidable and unforeseeable hazards. A speed of 50 miles or more per hour, under the conditions, may not be unreasonable or dangerous, or a speed of 5 miles an hour or any motion of the car, under the conditions, may be hazardous. There can be no quarrel with the recommendations of the Governor’s Conference as to a speed which is reasonable and prudent under the conditions. Subdivision 1 of section 56 is not in accordance with this recommendation. The first alternative of this subdivision contemplating operation “ at such a speed as to endanger the life, limb or property of any person ’’may present a proper basis if established by competent proof to impose criminal liability. The second alternative, however, does not and cannot, by its wording, establish such a standard. Section 6 of article I of the Constitution of the State of New York provides that no person shall be deprived of life, liberty, or property without due process *636 of law. A violation of subdivision 1 of section 56 is punishable by fine or imprisonment. Due process of law is not provided in the second alternative of subdivision 1 of section 56 and since this subdivision is in its present form, inseparable, it must be held unconstitutional and is so held.
For the reasons above set forth and on constitutional grounds, the conviction appealed from is reversed and the fine remitted. Order may be entered accordingly.