Richard J. Sherman, J.
This is an appeal from a judgment of conviction by a Court of Special Sessions upon an information charging an infraction of subdivision 1 of section 56 of the. Vehicle and Traffic Law. The subdivision provides:
“ No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person,, nor at a rate of speed, greater *2 than will permit such person to bring the vehicle to a stop without injury to another or his property.”
The information stated the defendant ‘ ‘ did commit the infraction of operating at an endangering speed in violation of Article 5 Section 56 Subdivision 1 of the Vehicle and Traffic Law of the State of New York by wrongfully, unlawfully, wilfully and knowingly did operate and drive a motor vehicle to wit; a 1956 Cadillac sport coupe bearing New York State registration 48-20 T, upon the above mentioned highway at such speed as to endanger the life, limb or property of any person, and at a rate of speed greater than would permit the defendant to bring his vehicle to a stop without injury to another or his property. In that; as defendant was operating his vehicle westerly on Route 29, he could not bring his vehicle to stop as two vehicles preceding him made a left turn off route 29, and defendant skidded into the yard of ‘ Denison’s Service Station ’ located on the south side of the highway, there striking a vehicle being serviced at that station, causing injury to * * * a passenger of the vehicle struck, and * * *, service station attendant. In violation of the above stated section of the law. Information based on information and belief, invest, of accident and depositions.”
A copy of the warrant was not submitted upon the return, but a photostatic copy of the Justice’s docket discloses that a warrant was issued charging defendant had committed a traffic infraction in violation of subdivision 1 of section 56 of the Vehicle and Traffic Law.
Upon arraignment, the defendant appeared with counsel and entered a plea of not guilty.
The minutes of the hearing show that counsel for the defendant moved to dismiss the information as insufficient in law and fact.
The learned Justice of the Peace denied the motion based upon the information, the depositions and the section of the law with which the defendant was charged.
An exception was taken by the defendant.
No testimony was taken, nor was the defendant given an opportunity to cross-examine, or produce witnesses in his own behalf.
The Justice convicted the defendant of the charge and fined him $20, to which ruling an exception was taken.
If for no other reason than the fact that the court had no jurisdiction to pass judgment or to find the defendant guilty of any crime or infraction, the judgment of conviction must be *3 and is reversed, the information dismissed and the fine imposed remitted (People v. Rice, 206 Misc. 999).
There is still a further reason why the information should be dismissed.
I am constrained to follow the decisions in People v. Roberts (195 Misc. 172) and People v. Parker (192 Misc. 551) wherein it was held in effect that where a person operates an automobile at a speed so as to endanger life, limb or property of another, etc., he should be prosecuted for reckless driving.
I realize that there is considerable confusion regarding this point and that there are decisions which indicate that it does not necessarily follow that the operator’s conduct might constitute reckless driving (People v. Zurn, 205 Misc. 35). However, in my judgment, the decision of the learned Judge hi People v. Parker (supra) should be followed until the meaning of subdivision 1 has been clarified.
Submit order.