George D. Ogden, J.
On June 9, 1956, a collision occurred on Lake Bo ad, in the town of Webster, between an automobile operated by defendant and a bicycle which was being ridden by a 12-year-old girl. As a result of the collision the youngster was seriously injured and her bicycle damaged or destroyed. An information was filed accusing the defendant of a violation of subdivision 1 of section 56 of the Vehicle and Traffic Law. The defendant was arrested and, after a trial at which both the prosecution and the defendant were zealously represénted by able counsel, defendant was found guilty.
An examination of the record on appeal discloses no substantial or prejudicial error in the admission or exclusion of evidence ; ample evidence was presented to support a finding that defendant’s speed was unreasonable and imprudent under the conditions present. Therefore, the only question considered on this appeal is whether defendant was guilty of a traffic infraction— whether his acts have been declared criminal; particularly whether subdivision 1 of section 56 of the Vehicle and Traffic Law specifies a course of conduct a departure from which can be made the basis for criminal prosecution.
The information filed herein is entitled “ General Traffic Information Dangerous Speed Sec. 5-56-1 V & T Law,” and alleges that the defendant on the date and at the place specified did ‘ ‘ willfully, unlawfully and knowingly operate a (motor vehicle) upon a public highway in a manner not careful and prudent and at a rate of speed endangering the property of another and the lives and limbs of other persons, and at a rate of speed which would not permit him to bring the vehicle to a stop without injury to another’*; thereafter certain facts are set forth as to the manner in which the accident occurred. It should be noted that the alleged violation contains three specifications: — Driving *441 (1) in a manner not careful and prudent; (2) at a rate of speed endangering the property of another and the lives and limbs of other persons; and (3) at a rate of speed which would not permit defendant to bring the vehicle to a stop without injury to another. Section 56 of the Vehicle and Traffic Law is entitled “ Speed limited ” and subdivision 1 provides as follows: “ No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property'of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property.”
The first specification of liability is nowhere contained in the statute claimed to have been violated. Since the Legislature has not, in subdivision 1 of section 56, prohibited such operation of a motor vehicle, it seems to be unnecessary to more than point out that defendant, even though guilty of such operation, could not be convicted therefor of a violation of the statute in question.
The second and third specifications of liability follow the wording of subdivision 1 of section 56. I have heretofore discussed this statute as the basis for a criminal prosecution (People v. Gaebel, 2 Misc 2d 458). The decision in the instant case may, in some respects, be repetitive of my opinion in the Gaebel case (supra). Because of the apparent prevalence of the use of subdivision 1 of section 56 as the basis for arrests; because this statute has been variously construed and interpreted by the County Courts of the State (e.g. People v. Gaebel (supra); People v. Horowitz, 4 Misc 2d 632; People v. Sprague, 204 Misc 99; People v. Burkhalder, 203 Misc 532; People v. Furber, 133 N. Y. S. 2d 101); and because in the instant case it may be determined desirable to have the questions involved passed upon by the Court of Appeals, I deem it proper to again set forth the reasons which appear to dictate the decision about to be made.
In March, 1946 the Governor’s Conference on Highway and Traffic Safety recommended (Conference Report, p. 22) “ the adoption of an overall speed limit of 50 miles per hour, such speed limit to be absolute, not prima facie. It further recommends that the law relating to speed limits include a clause declaring that a speed greater than that which is reasonable and prudent under the conditions is a violation.” (Italics mine.) Based upon this recommendation chapter 861 of the Laws of 1946 was enacted, amending subdivision 1 of section 56 of the Vehicle and Traffic Law. The difference in wording between the legislation recommended and the legislation enacted is readily apparent.
*442 In People v. Grogan (260 N. Y. 138) the court considered the constitutionality of section 58 of the Vehicle and Traffic Law, prohibiting reckless driving, as it was then worded. I believe that what the court said in that case may well be applied to the case at bar. There the court said (pp. 145, 147, 148, 149):
‘ ‘ Statutes which create crimes must be definite in specifying conduct which is condemned or prohibited. They must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements. ‘ Laws which create crime ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid. ’ * * *
“ A statute, therefore, which made ‘ negligent ’ driving of an automobile, causing injury or danger to another, a ‘ misdemeanor, ’ would, we may assume, be constitutional. But a statute falling short of this definiteness would cross the line as we have tried to draw it, and place the offense among those vague attempts to set up crimes which have resulted in unconstitutional legislation. * * *
‘ ‘ The driving becomes dangerous, or unnecessarily dangerous, in the eyes of the law, only when there is a failure to exercise care or caution under the circumstances. * * *
‘ ‘ The result of the decisions leads to the conclusion that the standard in all of these eases is and must be that of negligence or the failure to exercise the care of the reasonably prudent man. * # *
“We then have some standard for the guidance of the court the same as we have in the ordinary negligence case. Without such a standard, without such a measure by which to judge the conduct of man, the criminal statutes are too vague and indefinite for enforcement; they are unconstitutional.” (See, also, People v. O’Gorman, 274 N. Y. 284; People v. Vetri, 309 N. Y. 401; People v. Estreich, 272 App. Div. 698, affd. 297 N. Y. 910.)
In the case at bar no standard is set up whereby the conduct of a driver may be measured. As was said in People v. Gaebel (2 Misc 2d 458, 461, supra): “ I am unable to find in the statute any prohibition against the operation of a vehicle at ‘ a speed greater than that which is reasonable and prudent under the conditions. ’ The statute makes it a traffic infraction to set a vehicle in motion, even at the lowest speed possible to constitute motion, if such vehicle is thereafter involved in an accident which causes injury to another or his property. The statute imposes liability without any fault; its words constitute the operator of *443 a vehicle the insurer of the public on a public highway against injury because of such operation. I cannot reconcile this result with the recommendation of the Governor’s Committee. It is my opinion that subdivision 1 of section 56 does not set up a standard for the operation of a motor vehicle on a public highway a deviation from which can properly be made the basis for a criminal prosecution.”
A conviction of a violation of this statute may result in a fine or imprisonment (Vehicle and Traffic Law, § 70, subd. 4) or loss of operator’s license (Matter of Weisinger v. Macduff, 285 App. Div. 607, 610). “ The citizen is entitled to an unequivocal warning before conduct on his part, which is not malum in se, can be made the occasion of a deprivation of his liberty or property.” (People v. Phyfe, 136 N. Y. 554, 559.)
In my opinion subdivision 1 of section 56 of the Vehicle and Traffic Law, under which the instant prosecution was had, is too vague and indefinite to be enforced and is unconstitutional; a violation of its prohibitions does not, in fact, constitute a traffic offense or infraction. Solely on this ground the judgment of conviction appealed from is reversed; the information dismissed; and the fine, if paid, remitted.
Submit order.