Chandler S. Knight, J.
The defendant was convicted of speeding by a Court of Special Sessions in the town of Canajoharie, without a jury, on March 16, 1957, and was fined the sum of $15.
The information charged that the defendant “did commit the infraction of speeding in violation of Article 4 Section 2A of the Thruway Rules & Regulations Law” in that he operated a tractor in the town of Canajoharie “on the New York State Thruway at a rate of speed in excess of 50 MPH, to wit, at 70 MPH, no greater speed that 50 MPH being permitted on this highway by the State Traffic Commission”.
The defendant appealed to this court by filing an affidavit of errors in which he alleged that he was unlawfully convicted for the reason that the information failed to charge the violation of any statute, failed to state the exact location on the highway of the alleged offense and failed to apprise him of the nature of the alleged offenses with which he was charged. He also claims that the People failed to prove that no greater speed that 50 miles an hour was permitted by the State Traffic Commission, that erroneous evidence was received and that the defendant’s guilt was not proved beyond a reasonable doubt.
In first considering the attack on the information the court finds that although it fails to state the correct section of the law claimed to have been violated, it does state facts constituting the offense sufficiently to apprise the defendant of the charge against him. While the information omitted to charge him with speeding in violation of subdivision 3 of section 56 of the Vehicle and. Traffic Law, it did state the elements constituting that section. He was charged with violation of the law relating to speed and was convicted of it. Having been arrested on the Thruway at the time of the *87 commission of the alleged offense, he was sufficiently aware of the location in the town of Canajoharie where the offense occurred. It is true that there is no such “Article 4 Section 2A of the Thruway Bules & Begulations Law” of the State of New York, but language in an information charging the wrong section of the law may be disregarded, if the information fully advises the defendant of the acts relied upon to constitute the alleged violation of the statute. The words “in violation of Article 4 Section 2A of the Thruway Bules & Begulations Law” may be disregarded as surplusage. (People v. Adler, 174 App. Div. 301.)
To sustain a conviction of speeding in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law, the People must prove beyond a reasonable doubt (1) that the rate of speed was in excess of 50 miles per hour (for trucks on the Thruway), (2) that such speed was maintained for a distance of one quarter of a mile and (3) that no greater speed was permitted by the State Traffic Commission.
The return on appeal shows that the only witness for the prosecution was the trooper who made the arrest, and who testified at the time he made the arrest at four o’clock in the morning the defendant was driving his tractor at a speed of 70 miles per hour and that he determined such speed by “only the vision of my speedometer and the vision of the light of this truck”. Over the defendant’s objection, he offered and the court received in evidence a slip of paper entitled “Speedometer Deviation Becord”. In receiving it the court said: “I will take this piece of paper as evidence”. Upon cross-examination, he stated that the speedometer on his car was calibrated by a corporal of the State police who was not in court to testify. There wgs no evidence as to who prepared the slip of paper containing the speedometer deviation record. This evidence was hearsay and the defendant’s objection to the court receiving it in evidence should have been sustained (People v. Marsellus, 4 Misc 2d 211; People v. Boehme, 1 Misc 2d 629; People v. Matthews, 4 Misc 2d 278; People v. Rothstein, 1 Misc 2d 516).
Neither did the trooper testify that he had followed the defendant at a certain unvarying distance for one quarter of a mile, or that his speedometer read 70 miles per hour during this period, nor was any proof offered that the State Traffic Commission had not permitted a speed in excess of 50 miles per hour. Without such proof, a conviction cannot be sustained. The defendant’s motion for a dismissal at the conclusion of *88 the trial should have been granted (People v. Smith, 192 Misc. 965, affd. 299 N. Y. 707).
The defendant testified that he did not drive his tractor in excess of 50 miles an hour at the time of his arrest, or at any other time after he started the trip several hours earlier. His tractor was equipped with a governor which cut offi the motor when it attained a speed of 50 miles an hour and that his tractor was equipped with an instrument known as a tachometer which registers the rate of speed, miles travelled and the number of stops made from the commencement of the trip. Such registration is made in the form of a graph on a round disc. The disc was offered and received in evidence without objection. The record on the disc confirmed the defendant’s testimony that he had not exceeded the speed of 50 miles an hour while traveling on the Thruway or at any other time during the trip. It also registered the hour and minute of his arrest.
These proceedings are of a criminal nature and the People have the burden of establishing every essential fact beyond a reasonable doubt (People v. Parker, 192 Misc. 551).
It is true that the Legislature has made the violation of the so-called speeding statute a traffic infraction and not a crime, and also authorizes punishment for its violation under certain circumstances more severe. Not only is a fine or imprisonment authorized, but an operator’s license may be cancelled and an automobile registration revoked in addition to the punishment of a fine or imprisonment imposed by the court. Loss of employment and the destruction of a business could result from such punishment. The severity of the punishment authorized impels this court to the opinion that the provisions of section 389 of the Code of Criminal Procedure applies to the prosecution of speeding violations and that one charged with such violation is presumed to be innocent until the contrary is proved and that unless his guilt is satisfactorily shown beyond a reasonable doubt, he is entitled to an acquittal (People v. Matthews, 4 Misc 2d 278, supra; People v. Wilson, 3 Misc 2d 887; People v. Rice, 206 Misc. 999).
Here the People relied entirely upon the testimony of the trooper as to his speedometer reading and the speedometer deviation record which was erroneously received in evidence. It is the opinion of this court that the People failed to prove the guilt of the defendant beyond a reasonable doubt and in considering the testimony of the defendant that the guilt of the defendant was not proved even by a fair preponderance of the evidence.
*89 The judgment of conviction of the Court of Special Sessions of the Town of Canajoharie is reversed, the information dismissed, the fine remitted and the record of conviction be stricken from the defendant’s operator’s license.
An order may be submitted accordingly.