Desmond, J.
Defendant was convicted and fined $50 after a trial before a Justice of the Peace in Monroe County on an information which charged a violation of subdivision 1 of section 56 of the Vehicle and Traffic Law, which subdivision is in full as follows: “1. No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the *474 vehicle to a stop without injury to another or his property.” On appeal, however, the County Judge reversed on the law, vacated the judgment and ordered the fine remitted, holding that the above-quoted statute is unconstitutional because too vague and indefinite to be enforced.
There was testimony that on the evening of June 9, 1956, on a two-lane rural highway, defendant, while passing another car going in the same direction, struck a young girl riding a bicycle in the opposite direction, smashing her bicycle and causing serious personal injuries, some of the testimony being that defendant’s car was going 60 to 65 miles an hour. However, defendant was not charged with violating any of the express speed limits in other subdivisions of section 56 nor was he charged with the crime of reckless driving under section 58 of the Vehicle and Traffic Law.
This conviction was not for a crime but for a so-called “ traffic infraction ” (Vehicle and Traffic Law, § 2, subd. 29). However, there are applicable to such prosecutions the rules of the criminal law (People v. Hildebrandt, 308 N. Y. 397). Our question, then, is whether this statute satisfies the requirement that a criminal statute must be sufficiently definite, “ clear and positive” to give “unequivocal warning” to citizens of the rule which is to be obeyed (see cases cited in People v. Vetri, 309 N. Y. 401, 405-406). We agree with the County Judge that this subdivision 1 of section 56 is too vague and indefinite to constitute a sufficient definition of criminal conduct and that it contains no sufficient standard by which a driver’s conduct may be tested. One could go further and say that the statutory verbiage is practically meaningless. We may guess at what the draftsman intended and, indeed, as we shall show in a later paragraph, there is material available to show what was intended. But that is not sufficient. For. validity the statute must be informative on its face. It attempts to set up two prohibitions. The first is as to driving ‘ ‘ at such a speed as to endanger the life, limb or property of any person ”. The second prohibition is against driving a motor vehicle on any highway “at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property”. The first of those prohibitions, as so worded, is truly meaningless because there is no such thing as motor vehicle speed incapable of endangering life, limb or *475 property. As to the second prohibition, the only possible meaning is that a speed is unlawful unless it permits the car to be stopped without injuring anyone or anything. That amounts to saying that if, under any circumstances, the driver is unable to bring his car to a stop without injuring someone or something, he has been driving too fast.
The statutory draftsman did not, of course, intend any such result. The subdivision in its present form was enacted in 1946 (L. 1946, ch. 861). Before that it read: “ Every person operating a motor vehicle upon a public highway shall drive such vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person ”. It is clear that the 1946 changes were intended to carry out one of the recommendations of the Governor’s Conference on Highway and Traffic Safety held in Albany in February, 1946. The conference had recommended to the Governor (Conference Report, p. 22) that the speed laws ‘1 include a clause declaring that a speed greater than that which is reasonable and prudent under the conditions is a violation ”, and the Governor, in a special message to the Legislature dated March 11, 1946, included that precise recommendation. Speed laws in that particular form and wording have been enacted and apparently upheld in a number of States. However, the statute as passed said nothing like that but prohibited, as we have seen, any such speed as endangers life or property or is greater than will permit the vehicle to be brought to a stop Avithout injury. That is too indefinite for a criminal law.
This statute has been applied in a number of Appellate Division decisions in article 78 proceedings involving licenses or in negligence suits, rather than criminal prosecutions. In criminal prosecutions there are lower court decisions both ways on this question of constitutionality. Of the cases holding it bad, one (People v. Gaebeel, 2 Misc 2d 458) was written by this same County Judge and another (People v. Horowitz, 4 Misc 2d 632) was reviewed by us. In Horowitz, a conviction under this subdivision had been reversed below both on the ground that there was insufficient evidence and on the ground of unconstitutionality. We did not pass on the constitutional question but limited ourselves to this: “ Order affirmed upon the ground that the evidence adduced was insufficient to sustain a conviction. Ho opinion.” (People v. Horowitz, 3 N Y 2d 827, 828.)
*476 The position of the District Attorney and the Attorney-General is that the statute means ‘ ‘ that a rate of speed is dangerous and constitutes a violation when it is unreasonable or imprudent under the surrounding conditions ”. Whether or not a statute in those words would be enforcible (see State of Oregon v. Wojahn, 204 Ore. 84; but see, as to absence of standard, Justice Brewer in Tozer v. United States, 52 F. 917, 919), we cannot twist the language of this statute into that meaning. Taking the law as written, we conclude that it is too vague for validity.
The order should be affirmed.
Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Order affirmed.