Harry B. Frank, J.
In this article 78 CPLR proceeding petitioner seeks an order reviewing and annulling the respondents’ determination, reached after a hearing before the respondent hearing officer and affirmed in administrative review proceedings, finding petitioner guilty of a violation of section 1180 of the Vehicle and Traffic Law (speeding). Petitioner asserts that the determination was arbitrary and that the section of that statute (Vehicle and Traffic Law, § 227, subd. 1) which prescribes the necessary quantum of proof in the administrative proceedings held herein is unconstitutional.
That section provides that in cities in this State with a population of one million or more those charged with traffic violations need be proven guilty only by clear and convincing evidence, rather than the traditional standard applicable in criminal eases, that of proof beyond a reasonable doubt. The latter standard is applicable elsewhere in this State in prosecutions for traffic violations (People v. Martindale, 6 Misc 2d 85).
Such geographic discrimination in the standard of proof has been held improper in paternity cases (see Commissioner of Pub. Welfare of City of N. Y. [Martinez] v. Torres, 263 App. Div. 19). Geographic discrimination based upon population density has been held constitutional where the difference prescribed was in the trier of fact (judge versus jury) in Matter of Hogan v. Rosenberg (24 N Y 2d 207, revd. on other grounds, sub nom. Baldwin v. New York, 399 U. S. 66), and in determining whether advice need' be given defendants of their right to counsel (People v. Felderbaum, 9 N Y 2d 213). The latter cases and others upholding like distinctions are predicated upon a recognition of a need to deal with the administrative problems inherent in and unique to heavily populated urban areas. Indeed, article 2-A of the Vehicle and Traffic Law, setting up the administrative process, herein partially attacked, was obviously based upon a need to deal specially with such problems. There is, however, a clear distinction between changing procedures or forums to enable a more efficient processing of matters and changes in the quantum of proof necessary for conviction.
No compelling argument has been advanced indicating how efficiency in procedure would be impeded by maintaining the *266 traditional standard of proof, assuming that efficiency is not equated with increasing the percentage of convictions. It will not be assumed that the latter was intended.
It is the general rule that the standard of proof applicable in criminal cases is applicable to prosecutions for speeding infractions (People v. Firth, 3 N Y 2d 472; People v. Martindale, 6 Misc 2d 85, supra, see, also, People v. Phinney, 22 N Y 2d 288).
Accordingly, solely on the ground that the improper quantum of proof was applied, and that section 227 (subd. 1) of the Vehicle and Traffic Law effects an unconstitutional deprivation of due process to those residing in cities of one million or more, the petition is granted, the decision annulled, and the matter remanded for further proceedings consistent with the foregoing.